**JACKSON v. LANCASTER.** (No. 1865.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 13, 1917. Rehearing Denied Dec. 20, 1917.)

COURTS ⊜═488(4) — COUNTY AND DISTRICT COURTS—STATUTES.

Acts 32d Leg. c. 54, conferred upon the district court of Harrison county jurisdiction in civil cases theretofore in the county court of Harrison county. Acts 33d Leg. c. 53, restored to said county court exclusive original jurisdiction in civil cases involving between $200 and $500, and ordered transfer to that court from the district court of pending causes of such amount. Vernon's Sayles' Ann. Civ. St. 1914, art. 268, provides that when an attachment issued from a county court has been levied upon land no order or decree foreclosing the lien thereby acquired shall be necessary, but that the judgment, briefly reciting the issuance and levy of such attachment, shall be sufficient to preserve the lien, and that the land may be sold under execution after judgment. When action for $490 was commenced in the district court shortly after the 1911 enactment, writ of attachment was levied on land belonging to defendant, and the action was tried and judgment entered in that court after the 1913 act took effect. Held, that, the proviso in article 268 not being inapplicable because the writ was issued out of the district rather than county court, the district court had no jurisdiction to render the judgment, since the required transfer to the county court would not have divested plaintiff of a right he had acquired to have the land subjected in that suit to the payment of any judgment he might obtain against defendant.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by C. D. Lancaster against Robert Jackson. From judgment for plaintiff, defendant appeals. Reversed and remanded, with instructions.

M. P. McGee and Cary M. Abney, both of Marshall, for appellant. T. W. Davidson, of Marshall, for appellee.

WILLSON, C. J. The suit was for a balance of $490.53 and interest from January 1, 1910, alleged to be due from appellant to appellee, who was the plaintiff. It was commenced by a petition filed in the district court October 14, 1911, which was after the act approved March 13, 1911 (General Laws, p. 95), conferring upon said district court jurisdiction in civil cases theretofore in the county court of Harrison county, took effect. It was tried in said district court in February, 1917, or more than three years after the act approved March 28, 1913 (General Laws, p. 103), restoring to said county court exclusive original jurisdiction in civil cases "wherein the matter in controversy shall exceed in value $200, and shall not exceed $500, exclusive of interest," of which it

had been deprived by said act March 13, 1911, took effect. The appeal is from a judgment in appellee's favor for $343.05, and foreclosing a lien created by the levy of a writ of attachment on land belonging to appellant.

It is insisted, and we agree, that the district court was without power at the time it undertook to do so to hear and determine the controversy between the parties. Not only was the exclusive jurisdiction the county court possessed of such a cause prior to the passage of the act March 13, 1911, restored to it by the act March 28, 1913, but it was expressly provided in section 4 of the latter act that the district court of Harrison county—

"shall no longer have jurisdiction of cases in which the county court of said county by provisions of this act has original or appellate jurisdiction."

And in section 5 it was further provided that:

"It shall be the duty of the clerk of the district court of said county within 30 days after this act shall take effect to make full and complete transcripts of orders on the civil docket then pending before the district court of said county, of which cases by the provisions of this act exclusive original or appellate jurisdiction is given to the said county court, and to deliver said transcripts, together with the original papers in each case, to the county clerk of said county, and the said county clerk shall file the same and enter said cases on the docket for trial by said court, and a certified bill of costs in each case, and all such cases shall be immediately docketed by the county court, as appearance cases for the next succeeding term, and all civil cases shall be docketed and disposed of in the same manner as if the same had been originally filed in and triable in said county court, and all process in civil cases now issued and returnable to said district court shall be returnable to said county court."

The contention of appellee that the district court had power to render the judgment is predicated on the fact that the court had jurisdiction of the suit at the time it was commenced, and at the time the writ of attachment was levied upon land belonging to appellant. The argument is that the lien created by the levy of the writ could not be foreclosed in the county court, and therefore that the effect of transferring the cause to that court would be to divest appellee of a right he had acquired to have the land subjected in that suit to the payment of any judgment he might obtain against appellant. Whether a county court has power to foreclose a lien on land or not is still an open question in this state (Hillebrand v. McMahan, 59 Tex. 450; McCall v. Page, 155 S. W. 655; Hamill v. Samuels, 135 S. W. 746); but if it is without such power we think it is not therefore true that appellee could not, by a judgment recovered in the county court, subject the land levied upon to same by process from that court in that suit. A proviso in article 268, Vernon's Statutes, is as follows:

"When an attachment issued from a county or justice court has been levied upon land, no order or decree foreclosing the lien thereby acquired shall be necessary, but the judgment shall briefly recite the issuance and levy of such attachment, and such recital shall be sufficient to preserve such lien. The land so attached may be sold under execution after judgment, and the sale thereof shall vest in the purchaser all the estate of the defendant in attachment in such land, at the time of the levy of such writ of attachment."

We think that the fact that the writ of attachment was issued out of the district court and not out of the county court would not render the proviso in article 268 just set out inapplicable to the case. The clear purpose of the act March 28, 1913, was to confer upon the county court of Harrison county all power, in the class of civil cases specified, possessed by county courts generally in like cases under the laws of the state. See section 6.

The judgment will be reversed and the cause will be remanded, with instructions to the district court to dismiss the case, but without prejudice to the right of appellee to have the clerk comply with the mandate to him in said act March 28, 1913, and to a trial of the cause in the county court.