## JACOBSEN v. BROWN.

### No. 12227.

Court of Civil Appeals of Texas. Dallas.
April 24, 1937.

Rehearing Denied May 22, 1937.

Callaway & Reed and W. C. Scurry, all of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

BOND, Justice.

On March 10, 1934, Mrs. J. A. Brown filed suit in a district court of Dallas county against Golden Eagle Lines, for personal injuries sustained while a passenger on a motorbus owned and operated by said defendant from Springfield, Mo., to Dallas, Tex. The acts and omissions of negligence complained of, occurring both within and without the state of Texas, and the injuries sustained were alleged to have occurred in the state of Oklahoma and on the entire trip from Tulsa, Okl., to Dallas, Tex.

Citation having been served on the said defendant, the Golden Eagle Lines, Inc., of Texas answered the suit, filed a plea in abatement, and a plea in bar, both pleas alleging, in substance, that the Golden Eagle Lines, Inc., of Texas was not incorporated until subsequent to the time of the acts and omissions complained of, and suggested that the bus line was then and there owned and was being operated by one Grover C. Jacobsen, who was doing business as Golden Eagle Lines. The court sustained the plea in abatement, overruled the plea in bar, and dismissed the Golden Eagle Lines, Inc., of Texas from the suit.

On January 3, 1935, the plaintiff filed her first amended original petition, in which she vouched into the suit Golden Eagle Lines, Inc., of Texas, a domestic corporation, Golden Eagle Lines Holding Company, Inc., a foreign corporation, and Grover C. Jacobsen, a citizen of the state of California. In this amended petition, the plaintiff changed her cause of action, alleging that, on November 15, 1933, and prior thereto, the defendant, Grover C. Jacobsen, owned and operated over public highways in the state of Texas a motorbus in which he carried passengers for hire, and, while being transported by said defendant over the public highways, built, owned, and maintained by the state of Texas, and after said bus had crossed over the state line from Oklahoma into Texas, the bus was driven in such a rough and negligent manner as to cause all the injuries of which she then complained; and, further alleging that, thereafter, the two corporation defendants purchased the bus line, assumed all debts, obligations, and liabilities of the said defendant, Grover C. Jacobsen, thus becoming liable to plaintiff for her said injuries.

Personal citation was served on the corporation defendants who maintained local agents within the state of Texas, and, the defendant, Grover C. Jacobsen, being a nonresident of the state, citation on him was directed to and served on the chairman of the highway commission of Texas.

In obedience to the citations thus served, each of the defendants filed separate answers, urging numerous exceptions, challenging the jurisdiction of the court, misjoinder of parties and causes, general demurrers, and general denials. Thereafter, on September 11, 1935, the plaintiff obtained leave of the court and filed her second amended original petition against the defendants, again changing her cause of action, setting forth the allegations contained in her abandoned original petition, thus bringing into the suit the accident and injuries alleged to have occurred in the state of Oklahoma. On the pleadings thus stated and while the cause was being submitted to a jury, the defendant, Jacobsen, as well as the corporation defendants, objected to the pleadings and testimony introduced bearing on the alleged accident and injuries occurring without the state, suggesting to the court that the citation served upon him through the chairman of the highway commission of Texas and his appearance in court, by virtue of said service, was limited to accidents and injuries occurring wholly within the state of Texas and on highways built, owned, and maintained by this state, thus the court was without jurisdiction of the accident and injuries alleged to have occurred in the state of Oklahoma. The trial court overruled defendants' objections and permitted plaintiff to plead and introduce evidence of accident and injuries not only occurring within the states of Texas and Oklahoma, but also in the state of Missouri. There were no pleadings authorizing evidence of any occurrence in the state of Missouri. Recognizing this, plaintiff sought and was granted leave, over the objection of the defendants, to file a trial amendment, presenting a new cause of action arising from proof of an accident and injury sustained by plaintiff in the state of Missouri. Thereupon, the defendants again objected, contending that the court was without jurisdiction of the accident, and asked leave

to withdraw their announcement of ready and continue the cause, claiming surprise in such pleadings and evidence as injecting into the case new and independent issues and cause of action over which the defendant had no notice and of which the court was without jurisdiction, .thus they were unprepared to meet the issues and cause thus raised. The court overruled the objections and denied the request to withdraw the announcement of ready and to continue the case.

At the conclusion of the testimony, each of the defendants moved for an instructed verdict, which were overruled and, in response to twenty special issues submitted, the jury found in effect, that on or about November 15, 1933, while a passenger on a motorbus controlled and operated by Grover C. Jacobsen within and without the state of Texas, Mrs. J. A. Brown sustained personal injuries as a result of acts and omissions of negligence of the operatives of the motorbus; and, to issue No. 21, allowed an award of $1,-000 for injuries sustained by her at the time and on the ·occasion in question en route from Texas-Oklahoma line to Dallas, Tex. On the verdict of the jury, the court entered judgment in favor of the plaintiff against the defendant Grover C. Jacobsen, for the sum of $1,000. Defendant Jacobsen alone appealed.

It is the settled law that a state may not withhold from nonresident individuals the right of doing business in the state. The privileges and immunities clause of the Federal Constitution (Amendment 14) safeguards to the citizen of one state the right to pass through or to reside in any other state for the purpose of trade, etc. However, courts recognize the right of a state to regulate the use of its highways, and such regulation may be extended to include nonresidents as well as residents. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091. In keeping with this right of a state, the Legislature of Texas passed a statute (article 2039a, as amended Acts 1933, 43rd Leg., p. 145, c. 70 [Vernon's Ann.Civ.St. art. 2039a]), which, because of public necessity and convenience, subjects a nonresident motor vehicle owner using the public highways of this state, to the jurisdiction of the state courts by service on a representative of the state government to accidents or collisions occurring on the public highways and streets of this state. The statute (Vernon's Ann.Civ.St. art. 2039a, § 1), reads:

"Sec. 1. The acceptance by a non-resident of this State or the acceptance· by his agent, servant or employee, of the rights, privileges and benefits of the public highways or public streets of this State as evidenced by him or his agent, servant or employee operating a motor vehicle or motorcycle on any such public highway or public street, shall be deemed equivalent to an appointment by such non-resident and of his agent, servant or employee, of the Chairman of the State Highway Commission of this State, or his successor in office, to be his true and lawful attorney and agent upon whom may be served all lawful process in any civil action or proceeding now pending or hereafter instituted against said non-resident, his agent, servant or employee, growing out of any accident or collision in which said non-resident, his agent, servant or employee may be involved while operating a motor vehicle or motorcycle on such public highway or public street either in person or by his agent, servant or employee, and said acceptance or operation shall be a signification of the agreement of said non-resident, or his agent, servant or employee that any such process against him or against his agent, servant or employee, served upon said Chairman of the State Highway Commission, or his successor in office, shall be of the same legal force and validity as if served personally:

"Service of such process shall be made by leaving a certified copy of the process issued in the hands of the Chairman of the State Highway Commission in Texas at least twenty days prior to the return date thereof, to be stated in said process, and such service shall be sufficient upon said non-resident, his agent, servant or employee, provided, however, that notice of such service and a copy of the process be forthwith sent by registered mail by the Chairman of the State Highway Commission to the non-resident defendant, his agent, servant or employee." * * * (Acts 1929, 41st Leg., p. 279, ch. 125, as amended Acts 1933, 43rd Leg., p. 145, ch. 70).

Prior to the enactment of the above statute, the state courts could not take jurisdiction of an action against a nonresident motor vehicle owner who owned no property in the state, and upon whom no personal service could be had within the state,

unless there was a voluntary appearance or consent to such jurisdiction. Obviously, this statute was intended and, we think, expressly limits the jurisdiction of the state courts to accidents and collisions occurring on the public highways and streets of Texas, and requires of nonresident motor vehicle owners to submit to the jurisdiction of the state courts for such cause of action alone. Therefore, the jurisdiction being limited, when such nonresident appears in court in response to the citation issued to and served on the chairman of the highway commission as his enforced agent, in a suit based solely on an accident occurring within the state, his appearance cannot be considered as a voluntary appearance for all purposes and for all causes not then in issue. Such appearance is limited, requiring response only to a cause occurring within the state of Texas and on the public highways and streets. The statement has been repeatedly made in adjudicated cases that there is no such thing as a special appearance in Texas. That is true. But it does not follow from that statement that article 2039a can be so construed as to permit a plaintiff to hold a nonresident of Texas in a Texas court on a cause of action arising in a third state.

Bearing in mind that plaintiff's suit originally brought was on an alleged cause of action occurring within and without the state of Texas and under the existing laws, the defendant, Jacobsen, could not be brought into the suit to answer, except in so far as it alleged an accident occurring on the public highways and streets within the state. Appellee, recognizing this deficiency, abandoned the cause of action, amended her petition, and declared upon a cause occurring wholly with the state. Thereafter, the court acquired only a qualified jurisdiction, namely, a jurisdiction to determine a cause arising from the allegations contained in the amended petition, upon which legal service had been secured and with reference to which appellant had filed an answer. In defense of that cause of action, perforce of the statute, appellant was privileged to appear or suffer judgment by default, and, by making such appearance, he did not confer jurisdiction on the court to determine accidents and injuries thereafter alleged to have occurred without the state. His appearance cannot be considered by any means a voluntary appearance to confer jurisdiction on the court to determine acts and omissions of negligence and injuries occurring in the state of Oklahoma and in the state of Missouri. The pleadings and evidence should have been confined to the cause of action declared on accruing within the state of Texas, of which the court had express jurisdiction and to which the appellant had made answer.

Assignment of error is presented on the action of the trial court in allowing, over appellant's objection, the filing of appellee's trial amendment presenting accident and injury occurring in the state of Missouri, and refusing to allow appellant to withdraw his announcement of ready because of surprise. The record shows that the amendment was allowed to be filed after appellee had testified that she had boarded a bus at Springfield, Mo., and later transferred to another bus at Tulsa, Okl., and that the bus operatives and passengers on the bus line from Springfield to Tulsa were not the same operatives and passengers from Tulsa to Dallas, Tex. In line with this testimony, over appellant's objection, appellee further testified that the acts of the driver in starting the bus suddenly at Springfield, Mo., resulted in her being jerked down and severely injured.

We recognize that it is the settled law that the filing of trial amendments are addressed to the discretion of the trial court, yet, where such amendment raises immaterial issues of law or fact and are calculated to prejudice the rights of the other side, by injecting new and independent issues in the case which the other side is not prepared or called upon to meet, if the trial court was justified in allowing the amendment to be filed, clearly, the ends of justice demand of the court to grant the aggrieved party the right to withdraw his announcement and to continue the cause. Undoubtedly, the appellant had the right to object and have excluded a cause of action of which the court had no jurisdiction, on the ground that it would prejudice his rights in the cause which court did have jurisdiction of, and be granted time to meet such issue either in pleadings or proof.

Appellee seeks to justify and defend the action of the trial court on the ground that the above testimony and adverse ruling of the court worked no harm

to or prejudiced the rights of appellant, because of the verdict of the jury finding the amount of recovery for injuries sustained by appellee while on the bus only within the state of Texas. It will be observed that the trial court submitted and the jury answered twenty special issues dealing with acts and omissions of negligence on the part of the operatives of the bus from Springfield, Mo., to Dallas, Tex., and then limited the issue of damages to accidents and injuries occurring in Texas. We think it hardly could be expected of the jury that they dissemble the testimony and findings of accidents and injuries occurring in the state of Missouri and in the state of Oklahoma, and in considering the amount of damages appellee sustained, confine such to wrongs committed in Texas. We are unable to see how the negligent acts without the state could aid the court and jury in determining the amount of injuries occurring within the state. Obviously, if the testimony and findings of the jury bearing on accidents and injuries without the state was immaterial to the finding of amount of damages which appellee sustained within the state, such testimony and the twenty issues submitted were calculated to and, we think, did prejudice the rights of appellant.

Another assignment of error is presented on the action of the trial court in submitting to the jury issues which assume that the plaintiff was a passenger on the bus in question. The jury was asked: "Special Issue No. 1. Do you find from a preponderance of the evidence that plaintiff, Mrs. J. A. Brown, sustained injuries on or about the 15th day of November, 1935, while a passenger on a motor bus controlled and operated by Grover C. Jacobsen?" To which the jury answered, "Yes."

According to appellee's testimony, she occupied a center seat, a crosspiece let down in the aisle between the seats of the bus, from Tulsa, Okl., to Dallas, Tex. Appellant offered the testimony of a Mrs. Frank Durbin, who, the evidence tends to show, was a passenger on that bus, and who testified, in effect, that no one was sitting in the middle aisle between the regular seats of the bus. Clearly, this testimony raised the issue as to whether appellee was at the time in question a passenger on the bus; thus, the court, in assuming the issue, invaded the province of the jury. Courts cannot ignore such a vital issue when presenting a cause to a jury on special issues; courts cannot assume facts in the face of controverting testimony. We think appellant was entitled to have the question, as to whether or not appellee was a passenger on the bus in question, submitted independent of the issue as to whether or not she was injured.

We have carefully reviewed all of appellant's assignments of errors, many of which are trial errors and will not likely occur on another trial; accordingly, they are overruled, and from what has been said above, the judgment of the lower court is affirmed as to Golden Eagle Lines, Inc., of Texas, and Golden Eagle Lines Holding Company, Inc.; reversed and the cause remanded, as to appellant.

Affirmed in part, reversed and remanded in part.