## FICKES v. TALLEY.

### Civ. No. 4831.

United States District Court,
S. D. Texas, Houston Division.

Nov. 8, 1949.

Burris, Benton & Baker (Eugene N. Catlett) and V. M. Toomey, of Houston, Texas, for plaintiff.

Baker, Botts, Andrews & Parish (R. E. Keeton), of Houston, Texas, for defendant.

KENNERLY, Chief Judge.

This is a hearing on Defendant's Motion that Plaintiff be denied permission to file Amended Complaint, or if permission to file same be granted, to strike portions thereof, etc.

The Record shows the following:—

(a) Plaintiff, a citizen of Texas, sues Defendant, a citizen of Oklahoma, for damages for more than $3000, exclusive of interest and costs, alleged to have been caused Plaintiff and his wife by reason of a collision between an automobile occupied by Plaintiff and wife and owned and driven by Plaintiff and a truck with a trailer owned by Defendant. The collision is alleged to have occurred in this District and Division on or about March 23, 1947.

(b) In Plaintiff's *Original* Petition (filed in a State Court and the case having been afterwards removed into this Court), Plaintiff alleges that (italics mine) "this suit grows out of a collision between a truck and trailer *driven* and *operated* on a public highway of the State of Texas *by the defendant, Lewis Preston, Talley*, which truck and trailer collided with an automobile driven on said highway by this plaintiff," etc. Elsewhere in such Original Petition

in describing the collision, Plaintiff says (italics mine) "that at said time, a truck, with trailer attached, *belonging to and owned by, and then and there being driven by the defendant, Lewis Preston Talley,* approached and entered said curve," etc., and struck Plaintiff's automobile, etc.

Process issued out of the State Court on such Original Petition under Article 2039a of Vernon's Annotated Texas Civil Statutes and was served on the Chairman of the State Highway Commission of the State of Texas.

(c) After the case was removed into this Court, Plaintiff tendered for filing, and is now seeking to file, *Amended Complaint* in which Plaintiff makes substantially the same allegations with reference to who was driving Defendant's truck and trailer, and *in addition thereto* says (italics mine):— "In the event plaintiff be mistaken that said truck and trailer were then and there being driven by the defendant, Lewis Preston Talley, then in the *alternative* the plaintiff states that said truck and trailer owned by the said defendant was at that time being *driven by some other person* in the presence of, and with the consent of, the said Lewis Preston Talley, said Lewis Preston Talley being in his said truck with said other person at said time, and said defendant was not only in said truck at said time, but had consented to said other party driving the same, and said Lewis Preston Talley and said other person *in any event were upon a joint enterprise at the time of the collision and transactions mentioned in this petition."*

In other words, Plaintiff in his Amended Complaint claims, in the alternative, that such truck and trailer were being driven by some person other than Defendant, and that Defendant and such person were engaged in a *joint enterprise,* etc. at the time of such collision.

(d) Again *in the alternative,* Plaintiff says in his Amended Complaint (italics mine):—"And defendant while consenting to the said other person so driving, had full charge of the car and had the power and right to control the manner in which it was being driven at the time of and immediately prior to the collision in question in this case, and if he be mistaken in this allegation, he states that *the driver of said car was then and there driving said truck on the business of Lewis Preston Talley and as the agent of and under the direction of Lewis Preston Talley."*

In his Motion filed September 26, 1949, Defendant as stated seeks to prevent the filing of such Amended Petition containing such additional charges, the claim being:—

That Defendant is not, by reason of the service upon the Chairman of the State Highway Commission under such Article 2039a, in Court on the suit by Plaintiff based upon the theory that *Plaintiff's agent* were driving or operating such truck and trailer.

That Defendant is not, by reason of such service, in Court upon the suit by Plaintiff based upon the theory that the truck and trailer were being operated by some person other than Defendant and that Defendant and such other person were engaged *in a joint enterprise.*

Defendant also says that under Article 2039a, he cannot be brought into Court by service on the Chairman of the State Highway Commission on a cause of action based upon *Plaintiff and such other person being engaged in a joint enterprise.*

■ 1:—An examination of Article 2039a will disclose that at the time of the filing of the suit in the State Court, the Statute permitting service on the Chairman of the State Highway Commission covered not only a defendant operating a motor vehicle, etc. *himself,* but one operated by *his agent, servant,* or *employee.* I think, therefore, that Defendant on such service of process is in Court on the claim that Defendant was driving such motor vehicle, and that Plaintiff should be permitted to file Amended Complaint, making the claim in the alternative that the motor vehicle was being operated by an *agent of Defendant on business of Defendant,* and that when such Amendment is filed, Defendant will be in Court on that claim also.

■ 2:—The question of whether Article 2039a permits service of process on the Chairman of the State Highway Commission where it is alleged that the motor

vehicle, etc, were being driven or operated by a person other than Defendant, and that Defendant and such other person at the time of the collision were engaged in a *joint enterprise,* presents a more difficult question. Following what I believe to be the rule laid down by one of the Courts of Civil Appeals in Jacobsen v. Brown, 105 S.W.2d 1108, I conclude that such Article is not broad enough to permit such service of process.

3:—Plaintiff will be permitted to file his Amended Complaint, but I hold that Defendant will not be in Court on that portion of such Amended Complaint which seeks a recovery by reason of the truck and trailer being operated by another person on a *joint enterprise* of Defendant and such other person, and that that portion of such Amended Complaint should be stricken.

Let appropriate Order be drawn and presented.