**GUERRA DE CHAPA et al.**
**v.**
**ALLEN.**

Civ. A. 678.

United States District Court,
S. D. Texas, Laredo Division.

Jan. 26, 1954.

Lloyd & Lloyd and Parker Ellzey, Alice, Tex., for plaintiffs.

Lewright, Dyer, Sorrell & Redford, Corpus Christi, Tex., for defendant.

ALLRED, District Judge.

Action for damages, arising out of an automobile collision, by plaintiff, a resi-

dent citizen of Texas, in behalf of herself and four minor children, against defendant, a resident citizen of Arizona, as Administrator of the estate of Chas. C. Eakin, deceased. Plaintiff's husband and Eakin were killed in an automobile collision in this district on September 7, 1952. Service of process was made under the Texas statute providing for service upon the Chairman of the State Highway Commission who forwarded it to defendant by registered mail, as provided in art. 2039a, Tex.Vernon's Ann.Civ.St.

At the time of Chapa's death, the Texas statute provided, sofar as pertinent here as follows:

"Section 1. The acceptance by a non-resident of this State or the acceptance by his agent, servant, or employee of the rights, privileges and benefits extended by law to such persons of operating a motor vehicle or motorcycle or of having the same driven or operated within the State of Texas shall be deemed equivalent to an appointment by such non-resident and of his agent, servant or employee, of the Chairman of the State Highway Commission of this State, or his successor in office, to be his true and lawful attorney and agent upon whom may be served all lawful process in any civil action or proceeding *now pending or hereafter instituted* against said non-resident, his agent, servant or employee, growing out of any accident, or collision in which said non-resident, his agent, servant, or employee may be involved while operating a motor vehicle or motorcycle within this State, either in person or by his agent, servant, or employee, and said acceptance or operation shall be a signification of the agreement of said

non-resident, or his agent, servant or employee that any such process against him or against his agent, servant, or employee, served upon said Chairman of the State Highway Commission or his successor in office, shall be of the same legal force and validity as if served personally." [1] (Emphasis mine throughout this memorandum.)

After Chapa's death, plaintiff instituted an action in the state court and attempted to secure service upon defendant, as administrator, by serving the Chairman of the State Highway Commission, who forwarded it to defendant by registered mail as provided in other sections of the statute. Defendant removed to this court (C.A. 660) and moved to dismiss because the statute did not provide for service upon the administrator or legal representative of a deceased person who had used the highways. Plaintiff did not oppose the motion and the action was dismissed without prejudice.

Thereafter, in 1953, the Texas Legislature amended the statute by adding, after each of the words "his agent, servant or employee," the words "heir, legal representative, executor, administrator or guardian". Acts 53rd Leg., p. 72, chap. 53, § 1, now art. 2039a. This act became effective August 27, 1953. Thereafter, on November 10, 1953, plaintiff filed the present, as an original, action in this court. Summons was served upon the Chairman of the State Highway Commission who forwarded same to defendant by registered mail, as provided in the statute. Defendant moves to quash and dismiss upon several grounds, only one of which I believe to be meritorious, but it is dispositive of the case.

[1]. Art. 2039a was enacted in 1929. Originally it applied only to the person actually operating a motor vehicle, Morrow v. Asher, D.C.Tex.1932, 55 F.2d 365. "Agent, servant or employee" was added by amendment in 1933, probably as a result of that opinion. Prior to enactment of this statute, the Texas courts did not, of course, have jurisdiction of an action against a non-resident, who owned no property in the state and upon whom no personal service could be had within the state. Jacobsen v. Brown, Tex.Civ.App., 105 S.W.2d 1108, 1110; Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091.

Defendant contends that the amendment of 1953 does not apply retroactively, either expressly or by necessary implication. Conceding the general validity of such statutes providing for substituted service, defendant further contends that a serious question of constitutionality arises if this statute is construed retroactively so as to authorize service upon the administrator of a person who made use of the highways and died before the amendment became effective; that this is a matter of substantive, not procedural, law which, if applied retroactively, would be in contravention of art. 1, § 16, of the Vernon's Ann.St.Texas Constitution, expressly providing that "No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts shall be made."

Plaintiff emphasizes, however, the provisions of the statute making it applicable to any civil action *now pending or hereafter instituted* and insists that it is *procedural,* creating no *right,* but merely a *remedy* for *an existing cause of action* under the Texas wrongful death statutes, Articles 4671–4678, Vernon's Ann.Texas Civil Statutes.

No Texas case has passed on these questions. The validity of statutes providing generally for substituted service upon a non-resident motorist in actions involving collisions within a state long has been sustained in both state and federal courts.[2] The Texas statute has been upheld as a valid exercise of the police power.[3] All reported state court decisions have upheld statutes providing for substitute service upon the personal representatives of a deceased non-resident motorist.[4] Three cases,[5] relied upon by plaintiff, briefly discussed in support of this general proposition in 18 A.

L.R.2d 545, withstood attacks based on the contention that death operated to revoke the statutory power of attorney; *but the statutes under consideration in those cases,* providing for substitute service upon the personal representative of a deceased non-resident motorist, *were in effect at the time of the injury.* The same may be said of Feinsinger v. Bard, 7 Cir., 195 F.2d 45, dealing with the Wisconsin statute.

Standing alone, that part of the amended statute emphasized by plaintiff would seem to make its provisions retroactive. It provides that the Chairman of the State Highway Commission is appointed agent for service "upon whom may be served all lawful process in any civil action or proceeding *now pending or hereafter instituted* against said nonresident, his agent, servant, employee, heir, legal representative, executor, administrator or guardian * * *." The words, "now pending or hereafter instituted" first appeared, however, in the amendment of 1933, when "agent, servants or employees" were added, after Judge Atwell had held in Morrow v. Asher that jurisdiction of a nonresident owner could not be acquired under the statute because of the negligence of his agent in driving a motor vehicle on Texas highways. At the time of the amendment of 1933, there may have been pending cases, or causes of action in existence, as a result of an agent's negligence in the past, to which the legislature may have desired to make the amendment applicable; but, if so, there are no reported cases where this was done. On the other hand, the provision for its application to actions "now pending or hereafter instituted" may have been simply to make certain that it would continue to apply to cases then

2. 18 A.L.R.2d 545, note 1. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091.

3. Morrow v. Asher, D.C.Tex., 55 F.2d 365; Andrews v. Joseph Cohen & Sons, D.C. Tex., 45 F.Supp. 732; Jacobsen v. Brown, Tex.Civ.App., 105 S.W.2d 1108; O'Sullivan v. Brown, 5 Cir., 171 F.2d 199, 202, footnote 6.

4. 18 A.L.R.2d 545; Tarczynski v. Chicago, M., St. P. & P. R. Co., 261 Wis. 149, 52 N.W.2d 396; See also Feinsinger v. Bard, 7 Cir., 195 F.2d 45.

5. Oviatt v. Garretson, 205 Ark. 792, 171 S. W.2d 287; Plopa v. DuPre, 327 Mich. 660, 42 N.W.2d 777; Leighton v. Roper, 300 N.Y. 434, 91 N.E. 876, 18 A.L.R.2d 537.

pending or thereafter instituted *against the owner* as a result of his *own* negligent use of the highways, in the past.

The words "now pending or hereafter instituted" were copied into the amendment of 1953, (the present statute), when legal representatives of a deceased nonresident owner, were added. Prospective application of both amendments is practically compelled by the fact that the quoted language is followed immediately by: " * * * growing out of any accident, or collision in which said nonresident, his agent, * * * administrator or guardian *may be* involved while operating a motor vehicle * * * within this State * * *."

■ The rule appears to be settled than when the term "may be" is used in statutes, unless the contrary appears from the context, it is to be construed as meaning in the future, 26A Words and Phrases, p. 525. Damages which "may be done" is not equivalent to "may have been done," 26A Words and Phrases, p. 527. The words "may be involved while operating a motor vehicle" clearly mean in the future. They can hardly be construed to mean "may have been involved" in the past; especially when considered in connection with the provision at the outset that acceptance of the privilege of operating a motor vehicle within the State *shall* be deemed equivalent to appointment of the Chairman of the Highway Commission as agent for service; and, at the close, that acceptance (of this privilege) or operation (of a vehicle) *shall* be a signification of the *agreement* that service of process upon the Chairman *shall* be of the same legal force as if served personally. These provisions, too, apply to future situations—consequences that follow from the use of the state highways after the effective date of the act. It can hardly be contended that past actions would have that legal effect, or constitute such an *agreement,* when the

law so providing was not in effect when the acts were committed.

■ Any other construction would create a conflict; for, at first blush, the provision making the amendment applicable to actions "now pending or hereafter instituted" would appear to be retroactive, while the remaining provisions are, as pointed out, clearly prospective. A court should harmonize and reconcile a statute, if possible, so as to avoid conflicts. One provision will not be given a meaning out of harmony with other provisions, although it would be susceptible of such construction if standing alone.[6]

■ Looking, therefore, to the amendment as a whole, I think it is prospective, rather than retroactive, notwithstanding the emphasized provisions as to actions "now pending or hereafter instituted." This conclusion is fortified by the general rule in Texas, as elsewhere, that statutes, not relating to remedies and modes of procedure, are intended to operate prospectively and all doubts are resolved in favor of such construction.[7] While the constitutional inhibition against retroactive laws does not apply to statutes pertaining to remedies or procedure unless they destroy or impair vested rights,[8] I think it clear that substituted service statutes, subjecting citizens of other states to jurisdiction, are substantive as well as procedural. True, such statutes provide procedure; but first they confer jurisdiction over a person not before subject to that jurisdiction. In the words of the Ohio Court of Appeals,[9] they are "highly jurisdictional." A Texas Court of Civil Appeals has held the statute to confer only a "limited" jurisdiction.[10] There is a vast difference between this *extra-territorial* jurisdiction (upheld only because it is an exercise of the police power), and conferring, or taking away, jurisdiction over parties already within the *territorial* ju-

---

6. 39 Tex.Jur. 209–212, sec. 113.

7. 39 Tex.Jur. 53, sec. 27.

8. 39 Tex.Jur. 55, sec. 28.

9. Donnelly v. Carpenter, 55 Ohio App. 463, 9 N.E.2d 888.

10. Jacobsen v. Brown, Tex.Civ.App., 105 S.W.2d 1108, 1111.

risdiction of the court; or giving or taking away causes of action or defenses, from or to parties within the *territorial* jurisdiction of the court, as in the cases cited by plaintiff.[11]

Also, to hold the amendment retroactive would raise grave doubts as to its constitutionality. A number of cases from other jurisdictions[12] have applied amendments prospectively. They did not, however, contain provisions making them applicable, as here, to actions "now pending or hereafter instituted". But in each of those cases grave doubts were expressed as to the validity of such a retroactive provision.

It cannot be argued successfully that, even after passage of the original act, a non-resident motorist could have been haled into a Texas court by substituted service because of a collision occurring before the law was passed. It seems clear to me that the legislature could no more provide retroactively, by the amendment of 1953, that a foreign administration would be subject to the jurisdiction of a state court because of prior use of the highways by the deceased non-resident than it originally could have sub-jected the motorist himself to such jurisdiction because he used the highways before the original act became effective.

Certainly before the amendment of 1953 (authorizing service on the administrator of a deceased non-resident motorist), his legal representatives could not be subjected to the jurisdiction of Texas courts;[13] and such actions could not be revived against the executor or administrator.[14] Even under the Texas statute, providing generally for revival of pending actions against defendants who die, by scire facias to the executor, administrator or heir, a foreign administrator may not be brought in, since he may not sue or be sued in the Texas courts.[15] I hold, therefore, that the portion of the statute, making use of the highways an agreement for substituted service upon a foreign administrator, is substantive and must be construed as prospective, applying only to collisions occurring after the amendment became effective.

Defendant's motion to dismiss will be granted. The Clerk will notify counsel. Defendant's counsel will submit an order accordingly.

11. Larkin v. Saffarans, C.C.Tenn., 15 F. 147; Hadlich v. American Mail Line, D. C.Cal., 82 F.Supp. 562, 563; Standard Accident Ins. Co. v. Miller, 7 Cir., 170 F.2d 495 (changing the law of limitation); Dargel v. Henderson, Em.App., 200 F.2d 564; Jackson v. Lancaster, Tex. Civ.App., 199 S.W. 1179; Walker v. Lyles, Tex.Civ.App., 45 S.W.2d 315; National Carloading Corp. v. Phoenix-El Paso Express, 142 Tex. 141, 176 S.W. 2d 564.

12. Hartley v. Utah Const. Co., 9 Cir., 106 F.2d 953; Sanders v. Paddock, 342 Ill. App. 701, 97 N.E.2d 600; Schaeffer v. Alva West & Co., 53 Ohio App. 270, 4 N.E. 2d 720; Kurland v. Chernobil, 260 N.Y. 254, 183 N.E. 380; Paroboschi v. Shaw, 258 Mass. 531, 155 N.E. 445; Hughes v. Lucker, 233 Minn. 207, 46 N.W.2d 497. Cf. also Duggan v. Ogden, 278 Mass. 432, 180 N.E. 301, 82 A.L.R. 765, holding that certain amendments providing additional methods of service were procedural and retroactive; but expressing doubt as to whether the legislature could constitutionally make a statutory power of attorney retroactive.

13. State ex rel. Ledin v. Davison, 216 Wis. 216, 256 N.W. 718, 96 A.L.R. 589.

14. 155 A.L.R. 345.

15. 1 Tex.Jur. 57, sec. 37, citing Faulkner v. Reed, Tex.Com.App., 241 S.W. 1002.