**632**

**L. R. GARRETT et al., Petitioners,**

v.

**W. D. WHALEN et al., Respondents.**

**No. B–2662.**

Supreme Court of Texas.

July 14, 1971.

Rehearing Denied Oct. 6, 1971.

———◆———

Graves, Dougherty, Gee, Hearon, Moody & Garwood, William L. Garwood, Austin, Jim S. Phelps, Houston, for petitioners.

Fulbright, Crooker, Freeman, Bates & Jaworski, B. J. Bradshaw and Larry D. Knippa, Kelley, Looney, McLean & Alexander, Travis Hiester and Ralph L. Alexander, Edinburg, William H. Scott, Jr., Houston, for respondents.

PER CURIAM.

The application for writ of error is "refused, no reversible error."

One part of the trial court's judgment awarded Garrett a recovery from Whalen of $54,998.60, that sum representing double the amount collected and credited as interest on a note for $100,000.00 executed by Garrett and held by Whalen or by Acme Finance Company which was wholly owned by Whalen.

The court of civil appeals found that the sum of $27,499.30 so collected and credited as interest did not exceed ten (10%) per cent and thus that Art. 5073, as it existed at the time the note was executed, did not authorize recovery of double the amount thereof. At such time the article read:

"[W]ithin two years after the time that a greater rate of interest than ten per cent shall have been received or collected upon any contract, the person paying the same * * * may by an action of debt recover double the amount of such interest from the person, firm or corporation receiving the same. * * *"

Having so held, the court of civil appeals reversed that part of the trial court's judgment and ordered that Garrett take nothing against Whalen "for usurious interest." The cause was then remanded to the trial court for trial of Garrett's suit for accounting.

We do not interpret the judgment of the court of civil appeals to foreclose the right, if any, of Garrett to recover in the accounting suit non-usurious interest which may have been collected and credited on the Whalen note. The reason why we do

not do so is because the statute defined "usury" then, and defines it now, as "interest in excess of the amount allowed by law" (See Art. 5069, Revised Civil Statutes of Texas, 1925, and Art. 5069–1.01, Vernon's Texas Civil Statutes), and the court's opinion as a whole clearly indicates that it was speaking in the same terms.

We are not at liberty to decide at this time, and do not decide, whether interest may have been collected and credited on the Whalen note under circumstances which would authorize a recovery thereof by Garrett in the accounting suit.