**HOCKLEY COUNTY SEED & DELINTING, INC., et al., Appellants,**

v.

**SOUTHWESTERN INVESTMENT COMPANY, Appellee.**

No. 8188.

Court of Civil Appeals of Texas, Amarillo.

Dec. 27, 1971.

Rehearing Denied Jan. 31, 1972.

James A. Walters, Lubbock, for appellants.

Clayton & Clayton, Cleo G. Clayton, Jr., Amarillo, for appellee.

ELLIS, Chief Justice.

This is a usury case arising out of a promissory note executed by Hockley County Seed & Delinting, Inc., and certain named persons, individually, appellants herein, to Southwestern Investment Company (S.I.C.), appellee, on November 1, 1965. Appellee instituted suit against appellants for the alleged unpaid principal and interest due on the note. Appellants alleged defensively that the note sued upon was usurious and by counterclaim, sought to recover certain statutory penalties. Thereafter, the parties entered into an agreement which provided that appellants would pay the amount of principal and interest alleged by appellee to be due without prejudice to appellants' right to recover back from appellee any sums owing by appellee to appellants by virtue of appellants' usury contentions if they were determined to be correct. Appellee then amended its pleading and alleged "that the resulting balance due including unearned charges is . . . $31,951.78; that the amount of

charges unearned as of July 19, 1968, is . . . $2,300.42; that said amount when deducted from the balance due now on the involved note results in an amount due plaintiff as of July 19, 1968, of . . . $29,651.36." Before trial, appellants paid the sum of $31,951.58 which at that time represented all sums alleged by appellee to be owing by appellants, except attorney fees, without prejudice to its alleged rights under the usury claim above stated. Appellants then amended their pleadings and alleged the original note was void as to all interest and sought to recover the statutory penalties allowed under Articles 5071 and 5073, Vernon's Annotated Texas Civil Statutes, which were in effect on November 1, 1965, the date of the execution of the note. Appellants also sought to recover excess principal paid on a "money had and received" theory. The case was thereafter tried without a jury and judgment was entered in favor of appellee, which in effect, applied retroactively Article 1302–2.09 Vernon's Ann.Civ.St. Appeal was taken from that judgment.

In this appeal appellants assign seven points of error. The first five points complain primarily of the trial court's retroactive construction of Art. 1302–2.09. Appellants' second point of error complains specifically of the trial court's construction of Art. 1302–2.09 as being retroactive. The sixth point complains of the trial court's denial of appellant's counterclaim for statutory penalties. Appellants' seventh point deals with attorney fees.

Articles 5069, 5071 and 5073, Vernon's Ann.Civ.St., as enacted by the 58th Texas Legislature in 1963, were in effect when the note sued upon here was executed on November 1, 1965. Thereafter the 60th Texas Legislature in 1967 enacted Article 1302–2.09 and Articles 5069–1.02 to 5069–1.06, Vernon's Ann.Civ.St. Articles 5069–1.01 to 5069–1.06 contained a repealer clause which repealed Articles 5069–5071 of 1963. The repealer clause in the 1967 Act contained the following language:

"Provided further, that the amendment or repeal of any law of this State by this Act shall not affect any right accrued or established, or any liability or penalty incurred under the provisions of any of such other laws *prior to* the amendment or repeal thereof." (Emphasis ours.)

It is well settled that the legislature can enact a statute and make it by its terms operate retroactively as long as it does not impair vested property rights. Ewell v. Daggs, 108 U.S. 143, 2 S.Ct. 408, 27 L.Ed. 682 (1882); Bender v. Crawford, 33 Tex. 745, 749 (1870); Trinity Universal Ins. Co. v. McLaughlin, 373 S.W.2d 66, reh. den. 374 S.W.2d 350 (Tex.Civ.App.—Austin 1963, no writ). Since it is permissible for the legislature to enact a retroactive statute, then the next question for consideration is whether the legislature in fact intended for such statute to be applied retroactively. It is also well settled that certain rules of construction are to be applied in determining legislative intent particularly when dealing with the question of retroactivity. The rule has been stated in National Carloading Corp. v. Phoenix-El Paso Express Inc., 142 Tex. 141, 176 S.W. 2d 564 (1943), as follows:

"We recognize the general rule that a statute shall not be given retroactive effect unless such construction is required by explicit language or necessary implication."

The language used in the statute involved in the National Carloading case was as follows:

"The immunity granted extends to liabilities for 'any act done or omitted to be done, *prior to the effective date of this chapter.* . . .' "

This language was held to be explicit enough to show the legislature intended the statute in question to have a retroactive effect. Also the U. S. Supreme Court in

United States Fidelity & Guaranty Co. v. United States for Use and Benefit of Struthers Wells Co., 209 U.S. 306, 28 S.Ct. 537, 52 L.Ed. 804 (1908), in dealing with the question as to whether a statute should be applied retroactively, stated:

> "There are certain principles which have been adhered to with great strictness by the courts in relation to the construction of statutes, as to whether they are or are not retroactive in their effect. The presumption is very strong that a statute was not meant to act retrospectively, and it ought never to receive such a construction if it is susceptible of any other. It ought not to receive such a construction unless the words used are so clear, strong, and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied."

In the case of Gulf Coast Investment Corporation v. Prichard, 438 S.W.2d 658 (Tex.Civ.App.—Dallas 1969, writ ref'd n.r. e.), the court in dealing with a note dated August 31, 1965, noted that Articles 5071–5073 were amended in 1967 *but held that the transactions involved occurred prior to the effective date of the 1967 statutes and therefore applied Articles 5071–5073 as amended in 1963.*

A recent case by the Supreme Court of Texas in this area is Garrett v. Whalen, 470 S.W.2d 632 (Tex.Sup.1971). The Supreme Court, having found the interest rate in question was not above the maximum rate allowed, stated:

> "The court of civil appeals found that the sum of $27,499.30 so collected and credited as interest did not exceed ten (10%) per cent and thus that Art. 5073, *as it existed at the time the note was executed,* did not authorize recovery of double the amount thereof." (Emphasis ours).

The uniform and settled authority supports the proposition that unless a statute expressly and clearly states that it is to operate retroactively, it will be held to prospective application only.

■ Article 1302–2.09, Section 1, states:

> "Authority of certain corporations to borrow money
>
> "Notwithstanding any other provision of law, corporations, domestic or foreign, may agree to and stipulate for any rate of interest as such corporation may determine, not to exceed one and one-half percent (1½%) per month, on any bond, note, debt, contract or other obligation of such corporation under which the original principal amount is Five Thousand Dollars ($5,000) or more, or on any series of advances of money pursuant thereto if the aggregate of sums advanced or originally proposed to be advanced shall exceed Five Thousand Dollars ($5,000), or on any extension or renewal thereof, and in such instances, the claim or defense of usury by such corporation, its successors, guarantors, assigns or anyone on its behalf is prohibited. . . ."

And Section 4 states:

> "The fact there is an urgent need to establish the authority of certain corporations to borrow money and to classify such loans together . . . and that this Act take effect and be in force from and after its passage, and it is so enacted."

The foregoing statute on its face does not demonstrate any legislative intent for retroactive application. In fact, a reading of the statute and close examination of the wording such as "may agree to," in Section 1, and in Section 4 the language "is an urgent need to establish the authority of certain corporations to borrow" indicate a prospective application only. See Guerra

De Chapa et al. v. Allen, D.C., 119 F.Supp. 129; 26A Words and Phrases, p. 527. Therefore, we hold the law that existed at the time the promissory note was executed would control, i.e., Arts. 5069, 5071 and 5073 as amended in 1963, (Texas Laws 1963, ch. 205, sec. 26–28, pp. 568–569), which, in part, states:

" 'Art. 5073. Action on Usurious Rate

" 'Within four (4) years after the time that a greater rate of interest than that fixed in the Texas Regulatory Loan Act, Acts of the 58th Legislature, Regular Session, 1963, or by some other Act of the Legislature, but, if no other rate is so fixed, than ten per centum (10%) per annum, shall have been received or collected upon any contract, the person paying the same or his legal representative may by an action of debt recover double the amount of such interest from the person, firm, or corporation receiving the same and reasonable attorney's fees to be set by the court. . . .' "

The judgment as rendered by the trial court applied Article 1302–2.09 retroactively and sought to determine the rights of the parties in accordance with such application. In view of our holding that the disposition of this case should be governed by Articles 5069, 5071, and 5073 as they existed in 1965, when the note was executed, we sustain appellants' points of error relative to the applicability of Art. 1302–2.-09. In view of this holding, we deem it unnecessary to pass upon the other points raised.

In view of our holding above, we reverse the judgment of the trial court; and for the reason that under the present state of the record we find insufficient evidence to enable us to determine all aspects of the judgment which should be rendered, we remand this cause for further proceedings to determine the rights of the parties in accordance with the provisions of Articles 5069, 5071 and 5073, as amended in 1963. Rule 434, Texas Rules of Civil Procedure.

Reversed and remanded.