

# THE ATTORNEY GENERAL
## OF TEXAS

January 12, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Charles W. Chapman
Criminal District Attorney
Courthouse, Room 208
San Marcos, Texas    78666

Opinion No. JM-842

Re:   Retroactivity of the
1985 amendment  to article
6812h, V.T.C.S.,   relating
to the  acquisition  of  a
public interest in private
roads in   certain counties
(RQ-1180)

Dear Mr. Chapman:

You ask  whether  a  1985  legislative  amendment  to
article 6812h,  V.T.C.S.,  gives the  statute  retroactive
effect.  We answer your question in the negative.

You inform us that in April of 1987  a county commis-
sioner of Hays  County directed  a work  crew to remove  a
cattle guard and  part of a  fence in the  area of a  road
known as McCarty Lane  but also designated as  County Road
233.  After this  work was  completed, an attorney  repre-
senting owners of  land through  which the road  allegedly
runs appeared before  the commissioners court  and claimed
the road was a private road and the fence stood on private
property.  He also  requested that  the county return  the
cattle guard and fence  to their original  locations.  The
commissioner who ordered their removal indicated  that the
county maintained the road prior to the  effective date of
article 6812h, and has maintained it continuously since.

You  suggest  that  the  county  acquired   a  public
interest in the road under the doctrine of implied dedica-
tion prior to  1981.  Article  6812h, you add,  eliminated
the doctrine  of implied  dedication as  of its  effective
date, August 31,  1981.  You  do not  ask, and  we do  not
consider, whether  in fact  the county  acquired a  public
interest in  the  road.   The  resolution  of  this  issue
requires factual determinations  which this office  cannot
make in an Attorney General Opinion. See Las Vegas Pecan &
Cattle Co., Inc.  v. Zavala  County, 682  S.W.2d 254,   256
(Tex. 1984) (elements of  implied dedication).

Article 6812h affected the acquisition of a public interest in private roads in counties with a population of 50,000 or less according to the preceding federal census. Your brief cites two Texas Supreme Court cases in which it was declared that article 6812h "contains no provision which would make it retroactive and, without such a provision, the statute can be given only prospective application." Lindner v. Hill, 691 S.W.2d 590, 592 (Tex. 1985); Las Vegas Pecan & Cattle Co., Inc. v. Zavala County, supra at 256. The statute was amended in 1985, the amendments taking effect after the Linder and Las Vegas decisions were rendered. Acts 1985, 69th Leg., ch. 509, §3, at 2099 (effective Sept. 1, 1985). Sections 2 and 3 of article 6812h were amended as follows (language added by the amendment is underlined, deleted language in brackets):

Section 2. PUBLIC INTEREST. (a) A county may not establish, acquire, or receive any public interest in a private road except under the following circumstances: (1) purchase; (2) condemnation; (3) dedication; or (4) final judgment of adverse possession in a court of competent jurisdiction.

(b) Once a public interest has been established in accordance with Subsection (a) of this section, the interest must be recorded in the records of the commissioners court of the county in which the road is located by resolution which declares the circumstance by which such interest was acquired and the effective date thereof.

(c) The commissioners court may not assert that a public interest has been established in a private road by any of the four methods provided in Subsection (a) of this section until the interest has been recorded in the manner provided in Subsection (b) of this section and written notice has been given to the owner(s) of the road either in person or by registered mail to the address of the person as shown on the most recent ad valorem tax roll for the county.

Section 3. CONTEST. Any person asserting any right, title, or interest in a private

> road in which a public interest has been asserted in accordance with Section 2 of this Act may file suit in a district court in the county in which the road is located within two years after the later of the following: (1) the resolution [notation] in the records of the commissioners court of the public interest in the road; and (2) the written notice to the owner(s) of the road.

You contend the 1985 amendment to article 6812h does not suggest that the statute should now be given retroactive application. We agree.

Retroactive statutes are generally viewed with disfavor. Hutchings v. Slemons, 174 S.W.2d 487 (Tex. 1943). Article I, section 16, of the Texas Constitution prohibits the enactment of retroactive laws; however, the provision has been held only to invalidate laws which destroy or impair vested rights. See Merchants Fast Motor Lines, Inc. v. Railroad Commission of Texas, 573 S.W.2d 502 (Tex. 1978); Deacon v. City of Euless, 405 S.W.2d 59 (Tex. 1966). See also Gov't Code §311.022 (a statute is presumed to be prospective in operation unless expressly made retrospective). There is a general presumption that a statute is intended to operate prospectively and not retroactively, even when there is no constitutional impediment against retroactive application. See Coastal Industrial Water Authority v. Trinity Portland Cement Division, General Portland Cement Co., 563 S.W.2d 916 (Tex. 1978). Any doubt is to be resolved in favor of a prospective operation. See Ex parte Abell, 613 S.W.2d 255 (Tex. 1981). It is presumed further that an amendment to a statute is to operate prospectively only. Amplifone Corp. v. Cameron County, 577 S.W.2d 567 (Tex. Civ. App. - Corpus Christi 1979, no writ). These presumptions may be overcome if it appears plainly or by fair implication from the language used that the legislature intended the statute or amendment to have retroactive application. See Ex parte Abell, supra; City of Corpus Christi v. Herschbach, 536 S.W.2d 653 (Tex. Civ. App. - Corpus Christi 1976, writ ref'd n.r.e.). Moreover, the legislature may enact a law that by its terms is retrospective in operation, provided no impairment of vested rights results. Hockley County Seed & Delinting, Inc. v. Southwestern Investment Co., 476 S.W.2d 38 (Tex. Civ. App. - Amarillo 1971, writ ref'd n.r.e.).

As you observe in your brief to this office, the language added to article 6812h in 1985 imparted no retrospective effect upon the statute. The legislative history of the 1985 enactment reveals that a provision was added in the Senate making the amendment to section 2(a) retroactive to August 31, 1981. S.J. of Tex., 69th Leg., R.S., 569 (1985) (committee amendment to section 3 of S.B. No. 966). The retroactivity provision was deleted in the House of Representatives, however. H.J. of Tex., 69th Leg., R.S., 3010 (1985) (substitute for section 3 offered by Rep. Willy). The Senate concurred in the House amendments to S.B. No. 966 by viva voce vote. S.J. of Tex., 69th Leg., R.S., 2176 (1985). In 1986, the San Antonio Court of Appeals, relying on the Las Vegas and Lindner cases, concluded that article 6812h is given prospective application only and does not operate to divest a county of the public interest it acquired in a private road prior to the effective date of the statute. Uvalde County v. Barrier, 710 S.W.2d 740, 747 (Tex. App. - San Antonio 1986, no writ).

Accordingly, we conclude that the 1985 legislative amendment to article 6812h, V.T.C.S., does not require the retroactive application of the statute to counties which acquired a public interest in a private road prior to the effective date of article 6812h.

### S U M M A R Y

The 1985 legislative amendment to article 6812h, V.T.C.S., Acts 1985, 69th Leg., ch. 509, at 2099, does not require the retroactive application of the statute to counties which acquired a public interest in a private road prior to the effective date of article 6812h.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General