PLOPA *v.* DUPRE.

1. AUTOMOBILES—STATUTES—NONRESIDENTS—SECRETARY OF STATE—SERVICE OF PROCESS—CONSTITUTIONAL LAW—JURISDICTION.
    State statute designating the secretary of State as attorney for service of process upon living nonresident motorist, using public highway in the State, in any action against him arising out of an accident while his car was being so used is not violative of due process and gives jurisdiction over nonresident for such purpose (CL 1948, § 256.521).

2. CONSTITUTIONAL LAW—POLICE POWER—NONRESIDENTS—DEATH—SERVICE OF PROCESS.
    Exercise of police power by designation of secretary of State

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur, Automobiles, § 590.
[2, 4] 5 Am Jur, Automobiles, § 591; 12 Am Jur, Constitutional Law, § 596.
[2, 4] Construction, application, and effect of statutes providing for constructive or substituted service of process on nonresident motorists. 82 ALR 768; 96 ALR 594; 125 ALR 457; 138 ALR 1464; 155 ALR 333.
[2, 4] Constitutionailty of statute providing for substituted or constructive service upon nonresident in action for tort in connection with automobile. 35 ALR 951; 57 ALR 1239; 99 ALR 130.
[2, 4] Statute providing for constructive substituted service of process upon nonresident motorist as applicable where accident occurs when motor vehicle or the person injured or propei.y damaged was not on highway. 148 ALR 1217.

as attorney for service of process upon nonresident in any action against him arising out of an accident while his car was being used on public highways of this State is not limited to the rules of agency and contract, hence does not terminate upon death of the nonresident (CL 1948, § 256.521).

3. SAME—POLICE POWER—NONRESIDENT'S PERSON OR PROPERTY.
  The reasonable exercise of the police power of a State in furtherance of public peace, safety and welfare thereof, operates in another State regardless of whether such power operates upon persons or property in such other State and irrespective of whether the action be *in personam* or *in rem.*

4. PROCESS—SECRETARY OF STATE—NONRESIDENT ADMINISTRATRIX.
  Service of process, through secretary of State upon administratrix of estate of nonresident motorist involved in an accident while using highways of this State, was valid, where made pursuant to statute appointing secretary of State as attorney for nonresident motorist, specifically providing that death of the nonresident shall not operate to revoke the appointment and further providing for action against representatives of estate of nonresident decedent (CL 1948, § 256.521).

Appeal from Ionia; Davis (Morris K.), J. Submitted April 19, 1950. (Docket No. 71, Calendar No. 44,737.) Decided May 18, 1950.

Case by Jane Plopa against Dorothy V. DuPre, administratrix of the estate of Daniel L. DuPre, Jr., deceased, for injuries sustained in automobile accident. Motion to dismiss denied. Defendant appeals. Affirmed.

*Gemuend & Barnes,* for plaintiff.

*Lilly, Luyendyk & Snyder,* for defendant.

DETHMERS, J. Defendant's decedent, in his lifetime a resident of Lucas county, Ohio, owned an automobile which, while being driven with his consent upon a Michigan highway, collided with an automobile in which plaintiff was a passenger, causing

her injuries. Thereafter decedent died and defendant was appointed administratrix of his estate by order of the probate court of Lucas county, Ohio. Plaintiff then brought suit in Ionia county, Michigan, based on the alleged negligence of decedent and his driver. In accord with the provisions of CL 1948, § 256.521 (Stat Ann 1947 Cum Supp § 9.1701) (for re-enactment see PA 1949, No 300, § 403 [Stat Ann 1949 Cum Supp § 9.2103]), plaintiff served a copy of the summons upon the secretary of State of the State of Michigan and later caused to be served in Lucas county, Ohio, upon defendant a copy of the summons, declaration and notice of the service of summons upon the secretary of State. Defendant appeared specially and moved to quash service of the summons and to dismiss the cause, asserting that the provisions of the statute for substituted service on a foreign administrator are unconstitutional and that service of process pursuant thereto did not confer jurisdiction over defendant upon the Ionia circuit court. From order denying such motion defendant appeals.

The question thus raised on motion and here on appeal has been considered in 2 reported cases. In *Knoop* v. *Anderson,* 71 F Supp 832, a United States district judge held invalid a comparable provision of an Iowa statute for substituted or constructive service of process upon the foreign administrator of the estate of a nonresident motorist in a case based on the negligent operation of his automobile in Iowa. In *Oviatt* v. *Garretson,* 205 Ark 792 (171 SW2d 287), the supreme court of Arkansas upheld a statute of that State of like import and the validity of service of process thereunder.

The pertinent provisions of the Michigan statute are:

"The operation on a public highway in this State of a motor vehicle owned by a nonresident if so operated with his consent, express or implied, shall be deemed equivalent to an appointment by such nonresident of the secretary of State to be his true and lawful attorney, upon whom may be served the summons in any action against him, growing out of any accident or collision * * * in which such motor vehicle may be involved while being so operated on such a highway. Such operation shall be deemed a signification of his agreement that any such summons against him which is so served shall have the same legal force and validity as if served on him personally within this State. Service of such summons shall be made by leaving a copy thereof with the secretary of State, * * * and such service shall be sufficient service upon such nonresident, provided that notice of such service and a copy of the summons are forthwith either served upon the defendant personally by the sheriff or constable of the county in which he resides or sent by registered mail by the plaintiff or his attorney to the defendant: * * *

"The death of such nonresident shall not operate to revoke the appointment by such nonresident of the secretary of State as his true and lawful attorney upon whom may be served the summons in an action against him growing out of any such accident or collision; and in the event of his death, any action growing out of such accident or collision may be commenced or prosecuted against his executor or administrator duly appointed by the State, territory, or district of the United States or foreign country in which said nonresident was domiciled at the time of his death, and service of the summons shall be made upon the secretary of State, and personal service of such notice and the copy of the summons be had upon his executor or administrator, as the case may be, in like manner, with the same force and effect as service upon such nonresident during his lifetime."

That such statutory provisions for the service of process on a living nonresident are constitutional and not violative of due process and that jurisdiction over him may thus be acquired has been held in *Hess* v. *Pawloski,* 274 US 352 (47 S Ct 632; 71 L ed 1091). The Michigan statute, like those of many other States, speaks in terms of agency, providing that by use of the State's highways a nonresident motorist shall be deemed to have appointed the secretary of State his agent to accept service of process in certain cases for him. Recognizing that the constitutionality of such statutory provisions has heretofore been upheld, defendant cites authorities for the proposition that agency is revoked by the death of the principal and contends that, in consequence, the agency resulting from the nonresident motorist's use of the highways terminates upon his death.

In passing the statute in question for the purpose of regulating the use of its highways, the State was acting in the reasonable exercise of its police power. Such power is not limited to the rules of agency and contract. *Oviatt* v. *Garretson, supra.* Accordingly, it was held, for example, in *Gessel* v. *Wells,* 254 NY 604 (173 NE 885), that the implied agency created by a minor's use of the highways might not be repudiated by the infant at his election, as in the case of contracts, for the reason that it did not rest upon contract but rather upon the reasonable exercise of the police power of the State. Likewise, in *Young* v. *Masci,* 289 US 253 (53 S Ct 599; 77 L ed 1158, 88 ALR 170), the court, in upholding a similar New York statute regulating the use of highways by nonresident motorists, said:

"The power of the State to protect itself and its inhabitants is not limited by the scope of the doctrine of principal and agent."

Inasmuch, therefore, as the so-called agency brought into being under the statute rests not upon any common-law doctrine of contract or principal and agent, but, rather upon the inherent police power of the State, no sound reason appears for holding that such agency, created by law, terminates upon the death of the so-called principal when the very law creating it provides to the contrary. The operation of a State's police power cannot thus be impeded.

Defendant relies on *Brown* v. *Fletcher's Estate,* 210 US 82 (28 S Ct 702; 52 L ed 966). In that case plaintiff sued defendant, a Michigan resident, in Massachusetts. Defendant appeared and defended and entered into an agreement to submit the claims of parties to arbitration, under a rule of the court. The agreement stipulated that the decease of either party should not terminate the submission, but that the arbitration should continue, their legal representatives to be bound by the final award therein. Defendant died, leaving an estate to be probated in Michigan. The principal suit was then revived in Massachusetts and an administrator *c.t.a.,* appointed in that State, entered his appearance. Thereafter the Massachusetts court confirmed the award of the arbitration in favor of plaintiff. The Massachusetts decree was filed in probate court in this State as evidence of a claim against the estate. Disallowance of the claim was affirmed by this Court (*Brown* v. *Fletcher's Estate,* 146 Mich 401 [15 LRA NS 632, 123 Am St Rep 233]) and by the supreme court of the United States. That court held, in effect, that defendant's submission of himself to the jurisdiction of the Massachusetts courts and his agreement that his legal representatives should be bound by the proceedings did not operate to subject his Michigan-appointed legal representatives or estate there situate to the jurisdiction of the Massachusetts courts.

From this defendant suggests that, though a nonresident's use of Michigan's highways constitutes an agreement on his part that both he and his legal representatives shall be subject to the jurisdiction of Michigan courts in certain cases, such implied agreement is not binding upon the nonresident administrator of his estate or the estate itself when located without this State.

It is to be observed that in the *Fletcher Case* the Court appeared to be following *Pennoyer* v. *Neff*, 95 US 714 (24 L ed 565), quoting therefrom that "every State possesses exclusive jurisdiction and sovereignty over *persons and property* within its territory * * * the laws of one State have no operation outside of its territory * * * no tribunal established by it can extend its process beyond that territory so as to subject either persons or property to its decisions." Decision in the *Fletcher Case* turned on the proposition that the Michigan executors were not made parties to nor did they appear in the Massachusetts proceedings, the Court saying, in line with what it had held in the *Pennoyer Case,* that:

"It is elementary that service of process outside of the limits of the State is not operative to bring the party served within the jurisdiction of the court ordering the process."

If, however, it be concluded that the *Pennoyer* and the *Fletcher Cases* lay down the rule to be applied here, what shall be said of the more recent case of *Hess* v. *Pawloski, supra,* in which the court, after citing *Pennoyer* v. *Neff, supra,* as authority for the following:

"The process of a court of one State cannot run into another and summon a party there domiciled to respond to proceedings against him.    Notice sent outside the State to a nonresident is unavailing to

give jurisdiction in an action against him personally for money recovery."

proceeded to hold substituted service effective against a nonresident motorist no longer in the State who theretofore had used the highways of the State? Defendant urges a distinction between the *Hess Case* and the one at bar, suggesting that because the former was a suit against a living nonresident it was action *in personam,* but that the instant case against the foreign administrator of decedent's estate is *in rem.* Accepting, for purposes of discussion, the validity of defendant's theory in that regard, it will nevertheless be noted that in the *Hess Case* stress is laid on the authority of the *Pennoyer Case* for the proposition that the process of one State may not reach either *persons* or *property* in another. That holding in the *Pennoyer Case* should present no more effective obstacle to a holding in the instant case that the process of this State may reach decedent's estate and its administrator in Ohio under the statute in question and the circumstances of this case, than it did to the holding in the *Hess Case* that constructive service in one State can reach the person of a living nonresident in another State. The reason for both is to be found in what would appear to be the meaning of the *Hess Case,* namely, that the rule laid down in the *Pennoyer* and *Fletcher Cases* must and does yield to the reasonable exercise of the police power of a State in furtherance of public health, safety and welfare, regardless of whether such power operates upon persons or property in another State and irrespective of whether the action be *in personam* or *in rem.*

No cogent reason appears for holding that the death of the nonresident motorist serves to so shackle the police power of the State as to prevent its accomplishment of that which it could attain in

his lifetime. Defendant does not point out what specific right under the Constitution of the United States would be violated by the act in question which was not equally involved and similarly affected by the statute considered and upheld in the *Hess Case.*

Order affirmed, with costs to plaintiff.

BOYLES, C. J., and REID, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.