**Gerald D. WOODS, Plaintiff-Appellant,**

v.

**Anna KLOBUCHAR, Administratrix of the Estate of David Klobuchar, Deceased, Defendant-Appellee.**

**No. 12269.**

United States Court of Appeals
Seventh Circuit.

July 1, 1958.

Roland Obenchain, Jr., South Bend, Ind., M. F. Unger, Chicago, Ill., for appellant.

Charles K. Whitted and Oscar C. Strom, Gary, Ind., Strom & Whitted, Gary, Ind., of counsel, for appellee.

Before DUFFY, Chief Judge, and HASTINGS and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

■ On June 5, 1954 the plaintiff, a citizen of Illinois, and David Klobuchar, a citizen of Lake County, Indiana, were involved in an automobile collision in Newton County, Indiana. Any cause of

action plaintiff had as a result thereof then accrued. David Klobuchar died on June 19, 1954. Plaintiff had filed no action prior thereto.

On June 29, 1954 letters of administration on the estate of David Klobuchar were issued to Anna Klobuchar in Lake County, Indiana. Notice of her appointment was published the following day, June 30, 1954.

On April 12, 1956 the plaintiff, individually and as personal representative of his wife's estate, filed this action in the District Court.

Plaintiff's action as personal representative was dismissed for lack of jurisdictional amount. No question as to that suit is here involved.

Summary judgment was entered for defendant in the remaining action for alleged damages to plaintiff's person and automobile and for his wife's funeral expenses for the reason that it was barred by the six months statute of limitations. This appeal followed.

■ The plaintiff states that the sole contested issue on this appeal is as follows:

"Was the Plaintiff-Appellant's action in the Federal Court under Section 1332, United States Code, Title 28, governed by the six (6) month time limit for filing claims in the court administering the decedent's estate?"

Our answer must be in the affirmative.

Plaintiff contends that the civil code provisions, §§ 2–403, 2–602 and 2–607, rather than §§ 7–801 and 7–802 [1] of the probate code applied to this action under Title 28 U.S.C.A. § 1332.

Section 2–403 reads, in applicable part, as follows:

"All causes of action shall survive, and may be brought, notwithstanding the death of the person * * * liable to such action, * * * against the representative of the deceased party, * * *

---

1. Sections 2–403, 2–602, 2–607, 7–801, 7–802 and 7–810 Burns' Indiana Statutes Annotated, 1933 and subsequent replacements.

in event the action be brought subsequent to the death of the party against whom the cause existed, *then the same shall be prosecuted as other claims against said decedent's estate."* (Our emphasis.)

Section 2–602 places a two year limitation on actions for injuries to person and personal property.

Section 2–607 extends the time limited for any action eighteen months from the death of the person liable where death occurs within eighteen months of and immediately preceding the close of the ordinary statutory period of limitation.

Section 7–801(a) provides that *all* claims, with three exceptions not here applicable, shall be forever *barred unless filed within six (6) months* after the date of the first published notice to creditors. In the case of David Klobuchar this notice was published on June 30, 1954 and the six month period expired on December 30, 1954.

■ Section 7–802 specifically prohibits the bringing of actions against the personal representative of an estate for the recovery of *any claim* and in lieu thereof mandates the claimant to file his claim in the office of the clerk of the court in which the estate is pending. The purpose of this section of the statute was to afford the personal representative an opportunity to investigate the merits of the claim and, if he determines it to be a just claim, to pay it without delay and avoid the expense of litigation. Williams v. Williams, 1940, 217 Ind. 581, 29 N.E. 2d 557; Baker v. Happ, 1944, 114 Ind. App. 591, 54 N.E.2d 123.

■ ° Plaintiff concedes that if he were a citizen of Indiana he would have had to comply with §§ 7–801(a) and 7–802 and having failed to do so would have lost his right of action. In other words he admits that on December 31, 1954 his action was forever barred in the state courts of Indiana. He, however, contends that he cannot be deprived of his right to have his case tried in a federal court. With this we agree, however,

compliance with §§ 7–801(a) and 7–802 in accordance with the mandate of § 2–403 does not preclude a qualified nonresident claimant from having his claim litigated in the federal court upon transfer to the civil trial docket pursuant to § 7–810. It is not for us to here chart in detail such a course.

■■ It is well established that a federal court adjudicating a state-created right solely because of diversity of citizenship is, in effect, only another state court and cannot substantially affect the enforcement of a right given by the State; that Congress has afforded out-of-state litigants another tribunal but not another body of law; and that Erie R. Co. v. Tompkins [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188] drastically limited the power of federal district courts to entertain suits in diversity cases that could not be brought in the respective state courts or where barred by defenses therein controlling. Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079; Angel v. Bullington, 1947, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832; Bernhardt v. Polygraphic Co., 1956, 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199. Thus when § 2–403, without which plaintiff's action would have died with David Klobuchar, was enacted it gave a new and theretofore unknown right and specifically provided the only method by and the time within which that right could be enforced. A federal court could not entertain this suit simply because the parties are citizens of different states when the identical action could not at that same time have been brought in an Indiana state court because it was barred by the statute of limitations controlling therein.

■ We do not reach the question as to whether § 2–607 makes § 2–602 applicable in actions against a deceased tortfeasor as well as a living one or whether § 2–607 was repealed by § 7–801(a) for the reason that plaintiff's action survived only by virtue of § 2–403 and the legislature of Indiana having given that right

could also prescribe the time within which it could be enforced and having done so the plaintiff was bound thereby.

The judgment is affirmed.