313 F.2d 245
 Chester A. PARROTT, Plaintiff-Appellee,
v.
Max P. WHISLER, Administrator of the Estate of Marko E.
Whisler, deceased, Defendant-Appellant.
Thorald JOHNSON, Plaintiff-Appellee,
v.
Max P. WHISLER, Administrator of the Estate of marko E.
Whisler, deceased, Defendant-Appellant.
James Ancil PARROTT, Plaintiff-Appellee,
v.
Max P. WHISLER, Administrator of the Estate of Marko E.
Whisler, deceased, Defendant-Appellant.
 Nos. 14995-14997.
 United States Court of Appeals Sixth Circuit.
 Feb. 11, 1963.
 
 Robert L. Milby, London, Ky. (Hamm, Taylor & Milby, London, Ky., on brief), for appellant.
 Lohren F. Martin, Jr., Corbin, Ky. (Sutton & Martin, Corbin, Ky., on brief), for appellees.
 Before McALLISTER, WEICK and O'SULLIVAN, Circuit Judges.
 WEICK, Circuit Judge.
 
 
 1
 This litigation arose out of a collision occurring in Rockcastle County, Kentucky between a motor vehicle owned and operated by the decedent, Marko E. Whisler and another moter vehicle owned and operated by plaintiff, Chester A. Parrott, in which plaintiffs, Thorald Johnson and James Ancil Parrott, were riding as passengers. All of the plaintiffs were residents of Kentucky. Each of them sustained personal injuries as a result of the collision. Mr. Whisler sustained injuries from which he subsequently died. Max P. Whisler was appointed administrator of the estate of Marko E. Whisler by the Probate Court of Lucas County, Ohio where the decedent resided at the time of his accident and death.
 
 
 2
 The complaints to recover damages for personal injuries sustained by the Kentucky residents were filed against the nonresident personal representative in the United States District Court for the Eastern District of Kentucky which was in the district where the accident took place. Jurisdiction was based on diversity of citizenship. Summons was issued and served on the representative in accordance with the provisions of Kentucky Revised Statute 188.020.[1] The personal representative questioned the jurisdiction of the court by motions to dismiss and also in his answers to the complaints. The cases were consolidated for trial and plaintiffs recovered verdicts and judgments from which these appeals were taken. The sole questions raised here in the briefs were (1) lack of jurisdiction of the District Court over the personal representative and (2) failure to file claims with the personal representative within the time provided therefor by Ohio statutes. O.R.C. 2117.06 and 2117.07.
 
 
 3
 ,KRS 188.020 was amended in 1954 to include the provision as to the 'personal representative.' Prior to the amendment the Court of Appeals of Kentucky had held that the statute did not authorize process against a nonresident personal representative of a decedent and that an action against a nonresident motorist upon his death could not be revived against his personal representative. Riggs v. Schneider's Executor, 279 Ky. 361, 130 S.W.2d 816. The obvious purpose of the amendment was to make the personal representative subject to process the same as provided in respect to the operator of the motor vehicle. The Kentucky law was clear that without the enabling statute a nonresident personal representative could neither use nor be sued in the Kentucky court. Curle v. Moor, 31 Ky. (1 Dana) 445 (1833); Baker v. Smith, 60 Ky. (3 Metc.) 264; McClellan's Adm'r. v. Troendle, 99 S.W. 329 (Ky., 1907); Ballard v. United Distillers, 28 F.Supp. 633 (W.D.Ky., 1939); Vassill's Adm'r. v. Scarsella, 292 Ky. 153, 166 S.W.2d 64 (1942); Seymour v. Johnson, 235 F.2d 181 (C.A.6, 1956).
 
 
 4
 The question here is whether the 1954 amendment to KRS 188.020 was effective to accomplish the intended purpose. We think it was. Appellant claims that it was not. He asserts that the Kentucky statute relates only to service of process and does not confer jurisdiction over the nonresident personal representative who can only be sued in the state of his appointment. He further claims that the agency of the Secretary of State terminated upon the death of the decedent; that since a nonresident personal representative could not sue in the Kentucky courts and an ancillary administrator appointed in Kentucky could not bring action in the federal courts for lack of diversity of citizenship, it would be grossly unfair to permit an action in Kentucky courts against the nonresident personal representative.
 
 
 5
 These and other questions relating to similar statutes have been litigated in the courts and while there is some authority to the contrary,[2] the better reasoned cases and the weight of authority support jurisdiction against the nonresident personal representative.[3]
 
 
 6
 This result would seem to follow from the decision of the Supreme Court in Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, which upheld the constitutionality of a statute providing for service on a nonresident motorist which was attacked on the ground that it violated the due process clause.
 
 
 7
 The rationale of Hess was that the nonresident motorist gave his consent to the appointment of the agent upon whom process could be served. We see no good reason why the motorist could not also bind his personal representative by the same consent. The agency did not terminate upon Whisler's death because the rights of third persons had intervened, namely, the injured plaintiffs and the state of Kentucky which was attempting to provide its residents with a remedy in its courts for damages sustained by them on account of the negligent use of its highways by a nonresident motorist.
 
 
 8
 The legislative intent in the adoption of the 1954 amendment is clear. We think the amendment was a valid exercise of police power by the state. In the absence of any decision by the Court of Appeals of Kentucky on this question we feel that we should follow the better reasoned cases, particularly since they constitute the overwhelming weight of authority.
 
 
 9
 The second point concerning the failure of plaintiffs to file a claim with the Ohio administrator was argued in the briefs, but abandoned in oral argument of the cases and we, therefore, do not pass upon it.
 
 
 10
 The judgments of the District Court are affirmed.
 
 
 
 [1]
 The section provides: 'Nonresident owner or operator of motor vehicle makes Secretary of State process agent. Any nonresident operator or owner of any motor vehicle who accepts the privilege extended by the laws of this state to nonresidents to operate motor vehicles or have them operated within state shall, by such acceptance and by the operation of such motor vehicle within this state, make the Secretary of State the agent of himself or his personal representative for the service of process in any civil action instituted in the courts of this state against the operator or owner, or the personal representative of the operator or owner, arising out of or by reason of any accident or collision or damage occurring within this state in which the motor vehicle is involved. (1954, c. 22, 1; 1960, c. 119, 1; effective June 16, 1960).'
 
 
 [2]
 Knoop v. Anderson, 71 F.Supp. 832 (N.D.Iowa); Derrick v. New England Greyhound Lines, Inc., 148 F.Supp. 496 (D.C.Mass.)
 
 
 [3]
 Oviatt v. Garretson, 205 Ark. 792, 171 S.W.2d 287; Plopa v. DuPre, 327 Mich. 660, 42 N.W.2d 777; Leighton v. Roper, 300 N.Y. 434, 91 N.E.2d 876; State of Missouri ex rel. Sullivan v. Cross (Mo.), 314 S.W.2d 889; Toczko v. Armentano, 341 Mass. 474, 170 N.E.2d 703; Feinsinger v. Bard, 195 F.2d 45 (C.A.7); Guerra DeChapa v. Allen, 119 F.Supp. 129 (S.D.Tex.); Brooks v. National Bank of Topeka, 251 F.2d 37 (C.A.8); Milam v. Sol Newman Co., 205 F.Supp. 649 (N.D.Ala.)