Sherwood J. PROPST, Special Administrator of the Estate of Ida J. Propst, Deceased, Duncan A. Doran, Special Administrator of the Estate of Frank W. Doran, Deceased, Duncan A. Doran, Special Administrator of the Estate of Bertha M. Doran, Deceased, Plaintiffs-Appellants,

v.

Patrick J. FISHER, Administrator of the Estate of Raymond Fustes, Deceased, Defendant-Appellee.

No. 14890.

United States Court of Appeals
Sixth Circuit.

Feb. 14, 1963.

David Anbender and Cyril Abramson, Detroit, Mich., for appellants, Anbender & Anbender, Detroit, Mich., on the brief.

Robert E. Sullivan, Detroit, Mich., for appellee, Sullivan, Sullivan, Hull & Ranger, Detroit, Mich., on the brief.

Before CECIL, Chief Judge, WEICK, Circuit Judge, and BOYD, District Judge.

WEICK, Circuit Judge.

The sole question in this appeal is whether the failure of the plaintiffs to comply with an Indiana statute [1] requiring the filing of their claims against a

1. Burns-Indiana Statute § 7-801(a) provides: "All claims against decedent's estate, other than expenses of administration and claims of the United States, and of the states and subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent, unless filed with the court in which such estate is being administered within six (6) months after the date of the first published notice to creditors."

decedent's estate in the probate court barred them from maintaining the present actions for damages for wrongful death against the administrator of the Indiana decedent in the United States District Court in Michigan where the accident occurred and the plaintiffs and their decedents resided.

A collision between two automobiles resulted in the deaths of the three plaintiffs' decedents riding in one car and defendant's decedent who was operating the other car. Plaintiffs were appointed as Special Administrators of their decedents by the Probate Court of Wayne County, Michigan. Defendant's decedent was a resident of Indiana. Defendant was appointed administrator of his decedent's estate by the Probate Court of Marion County, Indiana.

Jurisdiction in Michigan was provided by a statute (M.S.A. § 9.2103, Comp.Laws Supp.1956, § 257.403) which authorized service of process through the Secretary of State upon the administrator of the estate of a nonresident motorist involved in an accident while using the highways of this state.

Defendant did not question the jurisdiction of the District Court, probably in view of the decision of the Supreme Court of Michigan in Plopa v. DuPre, 327 Mich. 660, 42 N.W.2d 777. Defendant voluntarily entered his appearance in the actions and filed motions for summary judgment on the ground that plaintiffs failure to file their claims against the Indiana decedent's estate in the Probate Court of that state within six months from the date of the first publication of notice to creditors barred the actions.

The District Judge, relying on Woods v. Klobuchar, 257 F.2d 313 (C.A.7), granted the motions for summary judgment and dismissed the complaints. This appeal followed.

This same question was one of the points raised in Parrott v. Whisler, Administrator, 313 F.2d 245 (C.A.6), but upon oral argument was abandoned. In that case the non-claim statutes of Ohio were involved. O.R.C. § 2117.06 and §

2117.07. In Parrott, unlike the cases at bar, the defendant also questioned the jurisdiction of the District Court sitting in Kentucky over the administrator of the nonresident motorist's estate. We held that the Kentucky statute (KRS § 188.-020) conferred jurisdiction.

In our judgment, Woods v. Klobuchar, supra, relied on by the District Court is inapposite. In that case, the accident happened in Indiana. Suit was filed in the District Court of Indiana for personal injuries by a resident of Illinois against the administrator of the decedent who was appointed by the Probate Court in Indiana. It was conceded that the action could not have been maintained in the state court because of failure to file a claim against the decedent's estate as provided by the Indiana statute. Kuzma v. Peoples Trust & Savings Bank, 132 Ind.App. 176, 176 N.E.2d 134. The court in applying Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 held that plaintiff was entitled to no greater standing by having filed his case in the federal court than if he had sued in the state court in Indiana.

Unlike Woods v. Klobuchar, Michigan and not Indiana is the lex loci delicti and lex fori in the present cases. Michigan created the causes of action for wrongful death and prescribed the remedy. M.S.A. § 27.711, Comp.Laws 1948 § 691.581. The suits were timely filed under Michigan law. The question here is whether the Indiana statute relating to the filing of claims in the probate proceeding in an estate there being administered has extraterritorial effect so as to bar Michigan courts from applying remedies provided by that state for causes of action arising within its borders.

We think not. In our opinion, the Indiana non-claim statute has no extraterritorial effect and is not a bar to the maintenance of the present actions in the District Court sitting in Michigan. Brooks v. National Bank of Topeka, 251 F.2d 37, 43 (C.A.8).

The cases at bar were instituted to determine liability and damages. The defense is being handled by the liability in-

surer of defendant's decedent. We are not concerned at this time as to how or in what manner plaintiffs can satisfy their judgments if they obtain them. We think it will be time enough to determine the force and effect of the Indiana non-claim statute whenever plaintiffs seek to satisfy their claims out of assets of the decedent's estate within the jurisdiction of the Indiana courts.

For error in granting the motions for summary judgment and dismissing the complaints, the judgments of the District Court are reversed and the causes remanded for further proceedings not inconsistent with this opinion.