Kibbey, Appellant, *v.* Mercer, Appellee.

52

(No. 802—Decided July 24, 1967.)

Messrs. *Kimball, Schapiro, Stevens, Harsha & Harcka,* for appellant.
Messrs. *Bannon, Howland, McCurdy & Dever,* for appellee.

RUTHERFORD, J.   This appeal is on questions of law from a judgment refusing revivor and dismissing the action, with prejudice.

On October 29, 1963, the plaintiff, Walter C. Kibbey, filed a petition seeking damages for personal injuries alleged to have been proximately caused by defendant's negligent operation of a motor vehicle upon a highway in Scioto County, Ohio.

Service was made upon the defendant, a resident of Kentucky, through the Secretary of the State of Ohio, in accordance with the provisions of Section 2703.20, Revised Code, on December 16, 1963.   During his lifetime, the defendant filed an answer.

On January 12, 1966, defendant's attorney filed notice pursuant to Section 2311.31, Revised Code (as amended effective November 5, 1965, 131 Ohio Laws 650), stating that the defendant, C. Dewey Mercer, had died on February 3, 1965.

On February 15, 1965, a domiciliary administrator, hereinafter referred to as the Kentucky administrator, was issued letters of administration in the state of Kentucky.   Such Kentucky administrator has never filed an authenticated copy of letters of appointment in any Probate Court in Ohio under the provisions of Section 2129.02, Revised Code, there has never been any appointment of an ancillary administrator in Ohio, and

the record contains no evidence of administration of any estate of decedent in Ohio.

On January 24, 1966, plaintiff filed a supplemental petition, upon which service was obtained through the Secretary of State, and on March 28, 1966, filed a motion requesting a conditional order of revivor, which the court granted, and notice was published, following which the Kentucky administrator entered an appearance by motion for the purpose of asserting the defense that the statutory period of limitation for revivor as fixed by Section 2311.31, Revised Code, had expired, and to secure final judgment of dismissal.

The Common Pleas Court of Scioto County sustained the motion of the Kentucky administrator and dismissed the plaintiff's petition, with prejudice. In a written opinion, the court stated the reasons to be:

"* * * the administrator was appointed on February 15, 1965, and no petition for revivor filed until January 24, 1966.

"Section 2311.31, Revised Code of Ohio, being a statute of limitations, the notice of the application or proceedings for revivor was not given within the time limitation so the revivor fails. For this reason and also for the reason that revivor may not be had against a foreign administrator, defendant's motion will be sustained and plaintiff's petition dismissed."

We believe the trial court was in error. Both of the reasons given and the judgment are contrary to law.

Section 2305.10, Revised Code, provides:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

This action was brought within such two-year period, and the defendant answered but subsequently died while the action was still pending.

It is undisputed that this action is of the type which does not abate but survives the death of the defendant.

The personal injury action which survives having been commenced in the Common Pleas Court of Scioto County, Ohio, it is in that court that it must be revived, and the jurisdiction of the action, including proceedings to revive, being in Ohio, the right of revivor must be determined under the law of Ohio.

Normally an action which has been commenced before ex-

piration of the statutory period of limitation for commencement of the action, and which survives, may be revived any time before judgment. See Section 2311.25, Revised Code, which provides:

"*If before judgment*, one of the parties to an action dies, * * * but the right of action survives in favor of or against his representatives or successors, the action may be revived and the action proceed in the name of such representatives or successors." (Emphasis added.)

In the case of an automobile collision which occurs in Ohio, when the defendant, a nonresident of this state, is amenable to the provisions of Section 2703.20, Revised Code, by the provisions of such section, the Secretary of the State of Ohio is made his agent for the service of process in any civil suit or proceeding instituted in the courts of Ohio, arising out of, or by reason of, the accident or collision occurring within this state. Section 2703.20, Revised Code, as amended, effective October 4, 1955 (126 Ohio Laws 49), further provides:

"* * * Such appointment shall be irrevocable and binding upon the executor or administrator of such nonresident operator or owner.

"* * *

"* * * Where an action has been commenced under the provisions of this section by service on a defendant who dies thereafter, the court must allow the action to be continued against his executor or administrator upon motion with such notice as the court deems proper."

Prior to the foregoing amendment, effective October 4, 1955, no provision was made for service on the foreign executor or administrator of the nonresident in event of the nonresident's death before or during suit. It was uniformly held that jurisdiction could not be obtained in these situations because the agency created by the statute terminated upon the principal's death. Further justification was based on the necessity of strict construction of the statutes in derogation of the common law.

Thus, in accidents serious enough to result in the death of a nonresident defendant, the immunity of the foreign executor or administrator to suit in Ohio completely frustrated the objective of the statute. It was to remedy this situation that Sec-

tion 2703.20, Revised Code, was amended. Under the power of the state to protect itself and its inhabitants, this statute is a reasonable exercise of the police power and is not unconstitutional. By consent of the defendant to the provisions contained in the statute, which arises from his operation of his automobile in Ohio, jurisdiction has been conferred upon the Ohio courts to proceed against him or his personal representative. See *Parrott* v. *Whisler* (C. C. A., 1963), 313 F. 2d 245; *Plopa* v. *Du Pre,* 327 Mich. 660, 42 N. W. 2d 777; and *Toczko* v. *Armentano,* 341 Mass. 474, 170 N. E. 2d 703.

Such statute provides that the agency is irrevocable and binding upon the executor or administrator of such nonresident operator or owner and that where an action has been commenced by service on a defendant who dies thereafter the court must allow the action to be continued against his executor or administrator upon motion with such notice as the court deems proper. But the nonresident decedent's administrator further contends that there can be no revivor because the notice of application or proceedings for revivor was not given within the time fixed by Section 2311.31, Revised Code, being a statute of limitations.

Section 2311.31, Revised Code (131 Ohio Laws 650), provides:

"Upon the death of a defendant in an action wherein the right, or any part of it, survives against his personal representative, the revivor shall be against him. * * * An action for the recovery of money pending at the death of the defendant shall not be revived against the executor or administrator as provided in Sections 2311.21 to 2311.37, inclusive, of the Revised Code, unless written notice of the application or proceedings for such revivor is given to the executor or administrator within the time provided for the presentation of claims by creditors in Section 2117.06 of the Revised Code. * * *"

Section 2117.06, Revised Code, provides:

"All creditors having claims against an estate shall present their claims to the executor or administrator in writing * * *. All claims shall be presented within four months after the date of appointment of the executor or administrator. * * *"

Section 2117.07, Revised Code (130 Ohio Laws 617), provides for the court to extend the time for presentation of a claim to nine months and further provides:

"* * *

"Nothing in this section or in Section 2117.06 of the Revised Code shall reduce the time mentioned in Section 2305.10 of the Revised Code, provided that no portion of any recovery on a claim brought pursuant to such section shall come from the assets of an estate unless such claim has been presented against the estate in accordance with Chapter 2117 of the Revised Code."

In *Miller* v. *Andre,* 167 Ohio St. 83, the Supreme Court held that when an action is pending and at issue before death of the defendant, a further presentation of claim to the executor or administrator is not necessary to revive such action; but we cannot interpret the case as holding that notice of revivor (as distinguished from presentation of claim) need not be given within the time required by Section 2311.31, Revised Code, if recovery is to be sought from assets of an Ohio estate. Paragraph one of the syllabus of *Miller* v. *Andre,* holds:

"Where an action for money is instituted, which action, upon the death of the defendant, survives against his personal representative, Section 2311.31, Revised Code, provides, as a condition precedent to the revivor of the action, that a written notice of the application or proceedings for such revivor be given to the executor or administrator within the time provided for the presentation of claims by the creditors in Section 2117.-06, Revised Code."

It seems clear that such sections in Chapter 2117, Revised Code, have reference only to claims to be presented to executors or administrators appointed in Ohio, and even then, under the provision of Section 2117.07, Revised Code, *supra,* they have no application to causes of action for bodily injury or injury to personal property brought pursuant to Section 2305.10, Revised Code, where recovery on such claim can be made from some other fund than from assets of the estate and no portion of any recovery shall come from assets of an estate.

In the instant case, however, we do not reach the point requiring consideration of the foregoing exception. Considering the time fixed for notice of revivor to be the same as that fixed for presentation of a claim, Section 2117.06, Revised Code, as referred to in Section 2311.31, Revised Code, fixes the time as four months, not from death but from the appointment of an executor or administrator, and in the instant case neither an

executor, an ancillary, or a domiciliary administrator has ever been appointed in Ohio. There has been no Ohio fiduciary to whom to present a claim. Therefore, the period of limitation for revivor as fixed by Section 2311.31, Revised Code, *supra*, by reference to Section 2117.06, Revised Code, *supra,* has never commenced to run under any circumstances.

We deal here with a foreign administrator, and other sections of the Revised Code contain special provisions regarding proceedings by a nonresident decedent's executor or administrator to bar creditor's claims.

Section 2129.02, Revised Code, provides:

"When letters of administration or letters testamentary have been granted in any other state, territory, or possession of the United States, or in any foreign country, as to the estate of a deceased resident thereof, and when no ancillary administration proceedings have been had or are being had in Ohio, the person to whom such letters were granted may file in the Probate Court in any county of this state in which is located real estate of the decedent an authenticated copy of the letters of appointment, and such court shall cause notice thereof to be published for three consecutive weeks in some newspaper of general circulation in the county in which such copy was filed. The claim of any creditor of such decedent shall be presented to such court within six months after the date of such filing or be forever barred as a possible lien upon the Ohio real estate of such decedent. If, at the expiration of such period of six months, any such claims have been filed and remain unpaid after reasonable notice thereof to the nonresident executor or administrator, ancillary administration proceedings as to such estate may be had forthwith."

Section 2129.12, Revised Code, provides:

"Creditors having claims against the estate of a nonresident decedent shall file them with the ancillary administrator, appointed under Section 2129.08 of the Revised Code, within the time and in the manner provided by Sections 2117.06 and 2117.07 of the Revised Code."

In the instant case, no notice has ever been given as provided for by Section 2129.02, Revised Code, and no ancillary administrator has ever been appointed under the provisions of Section 2129.08, Revised Code.

When a domiciliary or ancillary administrator is appointed

in Ohio, notice is published as provided by Section 2113.08, Revised Code, but until there has been a proceeding under Chapter 2129, Revised Code, an Ohio claimant receives no notice of appointment in another state. If there is no Ohio estate, there need be no concern. If there is an estate in Ohio, the provisions contained in the sections of Chapter 2129, Revised Code, make ample provision. Section 2117.06, Revised Code, *supra,* applies only to claims to be filed with an executor or administrator, either ancillary or domiciliary, who has been issued letters in Ohio. This section has no application to claims against a Kentucky estate, to be filed with a Kentucky administrator. In the total absence of any administration in Ohio, the four-month period fixed by Section 2117.06, Revised Code, *supra,* has not commenced to run; the period of limitation of Section 2311.31, *supra,* is not applicable; and revivor of the pending action, under the provisions of Sections 2311.25 and 2703.20, Revised Code, *supra,* may be had any time before judgment. See *Toczko* v. *Armentano,* 341 Mass. 474, 170 N. E. 2d 703, paragraphs six and seven of the N. E. headnotes.

Once revived as provided for by the law of Ohio against the administrator appointed in Kentucky, if judgment is obtained, it may or may not be collectible from assets in the Kentucky estate since ultimate collection from assets of the Kentucky estate would be dependent upon meeting conditions of the Kentucky statutes to enforce collection from an estate within that jurisdiction.

Following revivor, if the plaintiff obtains judgment, he may elect to file a supplemental petition under the provisions of Section 3929.06, Revised Code, making the defendant's insurer a party for the purpose of having insurance money, if any, applied to the judgment. If the defendant is insured by a company upon which summons can be served in Ohio, the supplemental action upon a judgment could be maintained in Ohio with no portion of any recovery ever being sought from the assets of any estate of the decedent, either in Ohio or in Kentucky.

If a judgment is obtained and collection of the judgment is sought through a Kentucky court from assets of the estate in Kentucky, over which the courts of Ohio are without jurisdiction, the administrator can then defend under the law of Kentucky. Whether the plaintiff has timely presented a claim un-

der Kentucky statutes to enforce his claim against a Kentucky estate, we need not now determine.

For the reasons set forth, our conclusions are:

Where an action, arising out of an automobile accident or collision occurring in Ohio, has been commenced in Ohio against a nonresident defendant operator or owner who has become amenable to the provisions of Section 2703.20, Revised Code, since the amendment of such section as effective October 4, 1955 (126 Ohio Laws 49), if the defendant dies thereafter, the Ohio court has jurisdiction to revive and continue such action against his executor or administrator whose letters of administration have been issued in another state.

Where, following an automobile accident upon an Ohio highway, a nonresident defendant dies after an action has been commenced against him pursuant to the provisions of Section 2703.20 of the Revised Code, if there has been no administration in Ohio, the time limitation of Sections 2311.31 and 2117.06, Revised Code, has not commenced to run, and under the provisions of Sections 2311.25 and 2703.20, Revised Code, the pending action may be revived, any time before judgment, against the nonresident decedent's executor or administrator appointed in another state.

The judgment appealed from is contrary to law and is reversed. Judgment is entered ordering the action revived against Allen C. Mercer, administrator of the estate of C. Dewey Mercer, deceased, and this cause is remanded to the Common Pleas Court of Scioto County for further proceedings according to law.

*Judgment reversed.*

GRAY, P. J., and ABELE, J., concur.

RUTHERFORD, J., of the Fifth Appellate District, sitting by designation in the Fourth Appellate District.