ROBERT A. GANDOLFO *v.* ROBERTSON F. ALFORD ET AL., EXECUTORS (ESTATE OF IRILLA F. ALFORD)

SUPERIOR COURT     LITCHFIELD COUNTY     FILE NO. 24429

Memorandum filed February 7, 1975

*Howd, Lavieri & Finch,* of Winsted, for the plaintiff.

*Ells, Quinlan & Eddy,* of Winsted, for the defendants.

SPEZIALE, J. The first count of the complaint in this action alleges that all three defendants are the executors of the estate of Irilla F. Alford, late of Collier County, Florida, and were so appointed in Florida on February 5, 1974. The plaintiff also alleges that in December, 1971, he purchased realty in East Canaan, Connecticut, from the decedent; that the decedent and/or her agent had represented to the plaintiff that the land contained 45.61 acres; and that that representation was false and misleading in that the premises contained only 34 acres. A second count, alleging that the representation was knowingly and wilfully made, claims punitive damages in addition to the damages demanded in the first count. On or about February 19, 1974, the plaintiff filed a proof of claim with the defendants against the estate in Florida, which claim has not been allowed. Suit thereafter was commenced by the instant action. The defendants have filed a motion to erase, contending that because the action is one against a foreign estate this court has no jurisdiction over the defendants.

All parties agree that the action is one against a foreign estate and that the general common-law rule

is that an executor or administrator of an estate can sue and be sued only in a jurisdiction in which he has been so appointed.

The statute in question here is § 52-59b of the General Statutes, which provides in relevant part that "[a]s to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership, or *his or its executor or administrator,* who in person or through an agent: (1) Transacts any business within the state; or (2) commits a tortious act within the state . . . ; or (4) owns, uses or possesses any real property situated within the state." (Italics supplied.) It is clear that if the decedent were still alive and a nonresident, this court could exercise jurisdiction over her pursuant to § 52-59b. Does her death take away the court's jurisdiction?

The issue here is whether the common-law rule has been so modified by Connecticut's so-called "long-arm" statute, § 52-59b, that jurisdiction is conferred on this court in a suit against the executors of a foreign estate when the nonresident, if alive, would have been subject to the jurisdiction of Connecticut.

There would appear to be no case law concerning this aspect of the statute in Connecticut, and the defendants contend that there is no authority in Connecticut permitting suit against a decedent's estate having its situs in another state. The defendants cite the general rule that an executor or administrator appointed in one jurisdiction cannot be sued in his representative capacity in any other jurisdiction. As authority, the defendants pose 34 C.J.S. 1265, Executors and Administrators, § 1013 (a) (1), and *Burrowes* v. *Goodman,* 50 F.2d 92. The *Burrowes* case is a 1931 case indicative of this common-

law rule prior to the statutory authority allowing suit against a foreign representative. Such statutes are in derogation of the common law. 34 C.J.S. 1266, Executors and Administrators, § 1013 (a) (2).

The defendants also cite *Perkins* v. *Williams,* 2 Root 462, *Riley* v. *Riley,* 3 Day 74, *Hobart* v. *Connecticut Turnpike Co.,* 15 Conn. 145, *Equitable Trust Co.* v. *Plume,* 92 Conn. 649, and 1 Locke & Kohn, Conn. Probate Practice § 59, for the proposition that the administrator appointed at the domicil of a claimant is not clothed by virtue of that appointment with the power to go into the courts of another state and enforce the debt. This proposition is not relevant to this case.

In their rebuttal brief, the defendants continue to argue that the statute, § 52-59b, does not distinguish between an executor or administrator who has qualified in the state of Connecticut and one who has only qualified in a foreign jurisdiction, as in this case. The statute need not, for its thrust is to acquire jurisdiction over any nonresident individual or his executor or administrator.

The defendants then cite *Leighton* v. *Roper,* 300 N.Y. 434, annotated at 18 A.L.R.2d 544, where the court held that New York's long-arm statute did extend to a foreign administrator because the decedent himself had submitted to the jurisdiction by operating his motor vehicle within the state of New York. The *Leighton* case strengthens the plaintiff's position, since the determining factor in the instant case also is the fact that the decedent while alive had brought herself within the statute by transacting business within the state, i.e. the sale of the realty.

The defendants then direct the court's attention to *Knoop* v. *Anderson,* 71 F. Sup. 832, 852, a 1947

Iowa case, for the common-law proposition that an executor or administrator has legal existence only in the state of his appointment. There, the court held that the portion of § 321.499 (4) of the Code of Iowa 1946, providing for service on a foreign administrator, was invalid and that jurisdiction could not be acquired over the administratrix. This case, as well as *Derrick* v. *New England Greyhound Lines, Inc.,* 148 F. Sup. 496, represents a minority view. The *Knoop* case has been criticized, because its reasoning is considered unsound, in *Feinsinger* v. *Bard,* 195 F.2d 45, and *Parrott* v. *Whisler,* 313 F.2d 245. "[T]he better reasoned cases and the weight of authority support jurisdiction against the nonresident personal representative." *Parrott* v. *Whisler,* supra, 247; see *Brooks* v. *National Bank of Topeka,* 251 F.2d 37; *Feinsinger* v. *Bard,* supra, 48; *Milam* v. *Sol Newman Co.,* 205 F. Sup. 649; *Guerra De Chapa* v. *Allen,* 119 F. Sup. 129; *Oviatt* v. *Garretson,* 205 Ark. 792; *Toczko* v. *Armentano,* 341 Mass. 474; *Plopa* v. *DuPre,* 327 Mich. 660; *State ex rel. Sullivan* v. *Cross,* 314 S.W.2d 889 (Mo.); *Leighton* v. *Roper,* 300 N.Y. 434.

The defendants also cite the Restatement (Second), Conflicts of Law § 358, further weakening their argument, since the Restatement provides that an action may be maintained against a foreign executor on a claim against the decedent when the local law of the forum authorizes suit in the state, provided that the suit could have been maintained within the state against the decedent during his lifetime because of the existence of a basis of jurisdiction other than mere physical presence, or the executor or administrator has done an act in the state in his official capacity. Courts have not entertained suits against foreign executors except when authorized to do so by statutes such as General Statutes § 52-59b.

The defendants state that "it would seem that if suit is to be brought against the executor or administrator, he must be the person who performs the acts." The contention is wrong, since the decedent was the performer and the statute authorizes suit against the legal representative of the decedent. There are no allegations of any acts by the executors in this jurisdiction, simply because there was no reason for the plaintiff to make such allegation.

The defendants claim that the Connecticut courts have no jurisdiction over the assets of the estate. That allegation may be true; nevertheless, the statute authorizes the exercise of jurisdiction over the performer or his legal personal representative.

The defendants construe the statutory language "any nonresident individual . . . or his or its executor or administrator" to mean an executor or administrator appointed under ancillary proceedings in Connecticut rather than an executor or administrator appointed by a Florida court; the statute, however, makes no such distinction. The obvious thrust of the statute is the mere acquisition of jurisdiction over individuals who perform certain enumerated acts within the state.

Section 52-59b (a) (b), in substantially its present form, was enacted in 1969. Public Acts 1969, No. 744 §§ 1, 2. This was a giant step in Connecticut's expanding jurisdiction and was inspired by the reasoning and underlying principles of such decisions as *International Shoe Co.* v. *Washington,* 326 U.S. 310, and *McGee* v. *International Life Ins. Co.,* 355 U.S. 220. See 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 26, p. 96; James, Civil Procedure (1965), pp. 636–49. "Connecticut first restricted its long-arm jurisdiction to corporations, reaching only such nonresident individuals and foreign partnerships as transacted business in this state. In 1969, however,

the legislature enacted the statute assuming jurisdiction over nonresidents and foreign partnerships as to causes of action arising (i) from the transaction of 'any business in the state,' (ii) from a tortious act within the state, (iii) a tortious act out of state causing injury within the state, or (iv) the ownership, use or possession of real estate in the state." 1 Stephenson, op. cit., p. 97. "The 1969 statute . . . limits the jurisdiction to causes of action arising out of the activity relied on to confer jurisdiction. . . . Any of the acts enumerated may be performed personally or by agent." Id., p. 98. "The first clause of the 1969 act continues the jurisdiction of the 1959 act over nonresidents and foreign partnerships which transact business in this state. . . . The 1969 statute . . . uses the term 'transacts *any* business' (italics added) rather than 'transacts business.' The . . . statute would, therefore, seem to embrace a single transaction of a business nature. This result is not unreasonable so long as jurisdiction extends only to causes of action arising from that act." Id., pp. 98–99; see *Van Wagenberg* v. *Van Wagenberg,* 241 Md. 154 (so construing the New York statute on which the Connecticut statute is based); Restatement, Conflicts of Laws (Second) § 84 (Tent. Draft No. 3 [1956]).

"The statute provides for the assertion of jurisdiction over the personal representative of a deceased nonresident or a deceased partner in a foreign partnership who would be subject to jurisdiction if living. Similar provisions have been upheld elsewhere." 1 Stephenson, op. cit., p. 99; see notes, 18 A.L.R.2d 544, 19 A.L.R.3d 171.

The plaintiff contends that while the general rule is that courts of one state cannot assert jurisdiction over foreign administrators or executors and the courts of one state should not interfere with the

administration of a decedent's estate which is subject to control of the courts of another jurisdiction, this general rule must yield to legislative enactments which extend judicial jurisdiction over foreign administrators in appropriate instances, such as when the administrator's decedent has committed a tortious act in the forum state. See *Hayden* v. *Wheeler*, 33 Ill. 2d 110, where the Illinois court held that a foreign administrator of a deceased nonresident, an alleged tort-feasor, was a "personal representative" so as to be subject to the jurisdiction of the state under a long-arm statute similar to § 52-59b which provided that any person who commits a tortious act in the state submits himself and his personal representative to the jurisdiction of the state courts as to actions arising from that act. Ill. Rev. Stat. 1963, c. 110 § 17; see *Texair Flyers, Inc.* v. *District Court*, 180 Colo. 432.

New York decisions are especially useful and relevant in construing General Statutes § 52-59b, which was based on the New York long-arm statute of 1966. N.Y. Sess. Laws 1966, c. 590, as amended, N.Y. Civ. Prac. § 302 (1974); 1 Stephenson, op. cit., p. 97 n.318. In *Rosenfeld* v. *Hotel Corporation of America*, 20 N.Y.2d 25, the touchstone of the court's jurisdiction was that the decedent had transacted business in New York so that the New York court could constitutionally obtain in personam jurisdiction over substituted nonresident executors by out-of-state service upon such executors, although such nonresident executors had committed no acts or transacted no business in New York. The court upheld the long-arm statute which recited that New York courts may exercise personal jurisdiction over "any non-domiciliary, or his executor or administrator, as to a cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state."

N.Y. Civ. Prac. § 302 (a) (1963). And in *Pacer International Corporation* v. *Otter Distributing Co.,* 51 Misc. 2d 737 (N.Y.), it was held that the rule providing that the courts of the state may exercise personal jurisdiction over any nondomiciliary as to a cause of action arising from transaction of any business within the state validly subjected the nonresident decedent and his legal representatives to in personam jurisdiction of a suit upon a guaranty executed by the defendant in New York guaranteeing a contract also executed in the state. The intent of this type of statute, General Statutes § 52-59b, is to authorize service in all types of actions upon nonresident administrators or executors of a deceased person who would be subject to in personam jurisdiction were he alive. *Johnson* v. *Jay,* 45 Misc. 2d 101 (N.Y.); see *Nexsen* v. *Ira Haupt & Co.,* 44 Misc. 2d 629 (N.Y.).

This court holds that the common-law rule that an executor or administrator can sue and be sued only in a jurisdiction in which he has been appointed has been modified by Connecticut's long-arm statute, § 52-59b, and that this statute authorizes jurisdiction over the executors of a foreign estate when the nonresident decedent, if alive, would have been subject to the jurisdiction of Connecticut pursuant to § 52-59b. If the decedent were still alive while a nonresident, this court could have exercised jurisdiction over her; and her death does not alter this situation.

Accordingly, the defendants' motion to erase is hereby denied.