[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS (#103)
The defendant, Hilda F. Famiglietti, moves to dismiss the plaintiff, Julien Pinette's complaint for lack of subject matter and personal jurisdiction.
The defendant claims that the court lacks subject matter jurisdiction because the plaintiff has already filed a claim against the decedent's estate in Florida. "It has long been the rule that when two separate lawsuits are `virtually alike' the second action is amenable to dismissal by the court." Beaudoin v. Town Oil Co., 207 Conn. 575, 583 (1988). The court must examine the pleadings to ascertain whether the actions are "virtually alike." Id. at 584. Since Florida law requires an independent action brought after the filing of an objection to the claim, the filing of a claim in Florida does not constitute a prior pending action. Accordingly, the court has subject matter jurisdiction and the motion to dismiss is denied on this ground. CT Page 3359
The defendant further claims that the court lacks personal jurisdiction over the defendant because the plaintiff has not alleged sufficient facts to pass the minimum contacts test of the Connecticut Long Arm statute.
Conn. Gen. Stat. 52-59b provides the ways to obtain jurisdiction over nonresidents and states in relevant part that:
 "(a). . . [a] court may exercise personal jurisdiction over any nonresident individual. . .who in person or through an agent: (1) Transacts any business within the state; or (2) commits a tortious act within the state. . . . or (4) owns, uses or possesses any real property situated within the state."
Analysis of a procedural challenge to personal jurisdiction over a nonresident is a two-step process. Frazer v. McGowan, 198 Conn. 243, 246
(1986). The court must first inquire whether the long-arm statute authorizes the exercise of jurisdiction under the particular facts of the case. Id. at 246. If the statute is applicable, the court then reaches the question of whether it offends due process to assert jurisdiction. Id. at 246. Minimum contacts must be present before a court can acquire in personam jurisdiction, such that the maintenance of the suit does not afford traditional notions of fair play and substantial justice. United States Trust Co. v. Bohart, 197 Conn. 34, 38 (1985).
In Gandolfo v. Alford, 31 Conn. Sup. 417, 425 (1975), the court found that the "common-law rule that an executor or administrator can sue and be sued only in a jurisdiction in which he has been appointed has been modified by Connecticut's long-arm statute, 52-59b, and that this statute authorizes jurisdiction over the executors of a foreign estate when the nonresident decedent, if alive, would have been subject to the jurisdiction of Connecticut pursuant to 52-59b."
For the foregoing reasons, the court does have personal jurisdiction over the defendant and the motion to dismiss, is denied.
SUSCO, J.