[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Patriot General Insurance Company (hereinafter "Patriot General") filed a motion for summary judgment. Patriot General provided uninsured motorist coverage to the plaintiff, who claims to have been injured in a motor vehicle accident involving two other cars. One of the cars was operated by defendant Peter Sandstrom. The other car was operated by an unknown, "force and run" driver. The plaintiff brought the instant action alleging that both Sandstrom and the unidentified driver caused her injuries. The policy limit for defendant Sandstrom's insurance coverage was $300,000. Subsequent to filing CT Page 4162 suit, the plaintiff settled her claim with defendant Sandstrom for $30,000. The plaintiff then proceeded in this case against her own insurance carrier. Patriot General filed this motion, alleging that because the plaintiff failed to exhaust the coverage available under defendant Sandstrom's policy, she is precluded, as a matter of law, from recovering under her own Uninsured Motorist policy. In the plaintiff's Memorandum in Opposition, she merely argues that because this claim is for uninsured, rather than underinsured motorist coverage, the defendant's motion should be denied. Neither party cited any legal precedent to support their respective positions.
"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to I any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted. Citations omitted). Johnson v. Meehan 225 Conn. 528, 534-5 (1993).
The issue for this court to decide is: whether an injured party must exhaust the liability insurance of the one insured tortfeasor, when the plaintiff claims that her injuries were caused by one tortfeasor insured and one tortfeasor unknown. For reasons more fully set forth below, this court holds that an injured party need not exhaust the available insurance of the insured tortfeasor when the other tortfeasor is unknown or unidentified.
There is no dispute that the plaintiff did not exhaust the liability insurance of defendant Sandstrom. The question is, did she have to? In the instant matter, the unknown driver fled the scene before being identified and therefore is, for purposes of this discussion a "force and run" driver. The Connecticut Supreme Court has held that a complainant is entitled to uninsured motorist coverage even when he/she alleges injury due to an unidentified driver who made no physical contact with the complainant's vehicle. Streitweiser v. Middlesex Mutual AssuranceCo., 219 Conn. 371, 593 A.2d 498 (1991). Thus, given the holding in Streitweiser, this court may treat the unknown, "force and run" driver, in the instant matter as an uninsured driver. Accordingly, the fact pattern in this case involves an allegedly injured plaintiff who filed claims against joint tortfeasors, one insured and one uninsured.
Though there is, in fact, a dearth of case law addressing CT Page 4163 this particular factual scenario issue, there is at least one Superior Court decisions which appears to be on point. OrionGroup v. Mencuccini, Superior Court, judicial district of Litchfield, Docket No. CV 0057226 (October 28, 1991, Susco, J.). Judge Susco addressed this exact fact pattern in Orion. The defendant in Orion claimed that she was injured by two tortfeasors, one of whom was insured, the other of whom was uninsured. The defendant settled her claim with the insured driver for an amount less than the policy limit. "Thereafter, the defendant sought damages under her $50,000.00 Uninsured Motor Vehicle ("UM") policy, carried by the plaintiff Orion Group. "Orion, supra. The matter was arbitrated and the arbitrator awarded the defendant $8,000.00 pursuant to her UM policy, after making a determination that the defendant need not exhaust the liability coverage of the insured tortfeasor's policy. The plaintiff filed a Motion to Vacate an Arbitration award. The court, relying in part on a legal principle articulated in Sowellv. Travelers Indemnity Ins. Co.,[1] held that the arbitrator's award was appropriate and that he did not exceed his authority. The court concluded that the defendant did not have to exhaust the policy of the insured driver before pursuing UM under her own insurance policy.
Sowell v. Travelers, supports this conclusion, though it is not precisely on point. In Sowell the plaintiff's decedent was killed by two tortfeasors, one insured and the other uninsured. The plaintiff attempted to collect under her uninsured motorist policy. The defendant insurance company objected, referencing the policy of the insured tortfeasor as a reason to preclude the plaintiff from collecting under her own uninsured motorist policy. Judge Longo cited various other state court decisions to support his conclusion that "the right to recover under an uninsured motorist insurance policy is on the contract, not in tort, and the right of recovery under the contract is not eliminated by the presence of an insured motor vehicle in the same accident." Sowell, supra, 31 Conn. Sup. 417.
This court concurs with the reasoning of Orion v. Mencuccini, and holds that the plaintiff need not exhaust the coverage of the one insured tortfeasor, when the second tortfeasor is uninsured. Therefore, the defendant's motion for summary judgment is denied.
HON. ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT CT Page 4164